22204

ALLSTATE INSURANCE COMPANY, Appellant, v. Harold Lloyd THAT-
CHER, Teresa D. Thatcher, Ralph F. Faris, Robert L. Faris, Derrick
Williamson, Michael Lee Fowler, the Estate of Hazekiah Drake and
Nationwide Insurance Co., of which Nationwide Insurance Co. is
Respondent.

(325 S. E. (2d) 59)

Supreme Court

*Charles B. Ridley, Jr.*, of *Ridley & Ridley, P.A.*, Rock Hill, *for appellant.*

*Thomas A. McKinney* of *McKinney & Givens*, Rock Hill, *for respondent.*

Heard Nov. 12, 1984.

Decided Jan. 2, 1985.

LITTLEJOHN, Chief Justice:

This is a declaratory judgment action to determine whether Nationwide Insurance Co., defendant-respondent, is liable for damages caused by Harold Lloyd Thatcher while driving his wife's car on August 14, 1981. If Nationwide is not liable, the plaintiff-appellant Allstate, as uninsured carrier of the other vehicle must pay.

At the time of the wreck, the Thatchers were still married but separated. Mr. Thatcher had his wife's permission and consent to drive the car. The undisputed facts show that Nationwide had originally issued a six-month liability insurance policy to his wife, Teresa Thatcher, on December 4, 1980. An endorsement excluded liability coverage to Mr. Thatcher. This exclusion endorsement was properly issued in accord with § 56-11-250 S. C. Code Ann. (1976) because at the time the policy was issued, Thatcher's driver's license had been suspended and surrendered to the South Carolina Highway Department.

Mr. Thatcher's license was reinstated in May 1981 which was within the six-month coverage. The liability insurance policy came up for renewal about one month later in June 1981. The wreck occurred in August 1981. Upon renewal, Nationwide did not attempt to determine whether Thatcher's license was still suspended nor did either Thatcher inform Nationwide of the reinstatement. Nationwide re-issued the policy making no change in the exclusion endorsement.

The trial judge held that the endorsement was valid and effective at the time of the wreck and therefore Mr. Thatcher was excluded from coverage and Nationwide was not liable. We disagree.

In effect, the trial judge's interpretation of § 56-11-250, as amended, would place all of the responsibilities and duties on the insured even though the policy, the endorsement and the statute do not impose such a duty. In *Buddin v. Nationwide*, 250 S. C. 332, 157 S. E. (2d) 633 (1967) we held that inclusion clauses in insurance policies should be given broad and liberal construction while exclusion clauses should be interpreted in a more restrictive fashion. Additionally, where the language is ambiguous, the policy must be interpreted in the manner most favorable to the insured. *Tobin v. Beneficial Standard Life Insurance Company*, 675 F. (2d) 606 (S. C., 1982). Here nothing in the statute, the policy nor the endorsement placed the Thatchers on notice of any duty to notify Nationwide of the reinstatement of Mr. Thatcher's license. In fact, both Mr. and Mrs. Thatcher testified that they thought coverage would resume when Mr. Thatcher had his license restored. Neither upon the renewal of the policy nor during a personal exchange between the Nationwide agent and Mr. Thatcher did the insurer attempt to determine whether Mr. Thatcher's license had been reinstated.

We recognize that all statutory provisions relating to insurance contracts become part of the insuring agreement. *Williams v. Pennsylvania*, 246 S. C. 396, 143 S. E. (2d) 797 (1965). Where there is a conflict between the statute and the terms of the policy, the statutory provisions prevail. *Johnston v. Commercial Travelers Mutual*, 242 S. C. 387, 131 S. E. (2d) 91 (1963). Since Mr. Thatcher was operating the vehicle with the express consent of the named insured, Mrs. Thatcher, he was covered by the Nationwide policy under § 56-9-810(2) unless Nationwide correctly issued an exclusion endorsement as permitted by § 56-11-250.

Clearly if the policy had been a new contract, Nationwide would have had to comply with § 56-11-250 by having the named insured and the excluded person sign an approval form and by having the Highway Department certify that the driver's license has been surrendered. Nationwide argues that the renewal of the policy was merely a continuation of the existing policy and not a new contract. In one sense of the word, the renewal of any contract creates a new contract. Except for the renewal, the contract would be

dead. We hold that when a liability insurance company renews a policy to which an exclusion endorsement has been attached, it must comply with § 56-11-250 anew in order to perpetuate the exclusion. This procedure will serve the twofold purpose of assuring the insurance company collection of additional premiums which should be paid and assuring the traveling public protection the policy affords.

We reverse the order of the trial judge and remand for entry of judgment in favor of the appellant, Allstate, and order Nationwide to provide coverage to Harold Lloyd Thatcher.

Reversed and remanded.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.