1248

Ronald KNIGHT, Respondent v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

(374 S. E. (2d) 520)

Court of Appeals

*Francis L. Bell, Jr.,* of *Yarborough, Bell & Tindal,* Lancaster, *for appellant.*

*Michael E. Stegner,* of *Furman, Speedy & Stegner,* Camden, *for respondent.*

Heard Oct. 19, 1988.

Decided Nov. 14, 1988.

CURETON, Judge:

Respondent—Ronald Knight brought a declaratory judgment action against Appellant—State Farm to determine whether underinsured motorist coverage was available under an insurance policy issued by State Farm to him. The trial judge held Knight was entitled to the coverage because State Farm failed to make a meaningful offer of such coverage. We affirm.

In April 1982, Knight first purchased automobile insurance coverage from State Farm. For purposes of this opinion we assume State Farm complied with the statute in offering Knight underinsured coverage at that time. Knight made several coverage changes between 1982 and April 1985. In April 1985, State Farm sent Knight a premium renewal notice for the policy period April 26, 1985 to October 26, 1985. Sometime prior to October 8, 1985, State Farm sent to Knight a premium renewal notice covering the policy period October 26, 1985 to April 26, 1986. On October 8, 1985, Knight purchased a substitute vehicle which was added to his policy. Thereafter, State Farm issued a new declaration page to Knight's policy covering the new vehicle for the period October 8, 1985 to April 26, 1986. Neither the October premium renewal notice nor the declaration page mentions underinsurance. In December 1985, Knight suffered the loss which is the subject of this controversy.

State Farm concedes it did not offer underinsurance coverage to Knight in October 1985. It argues, however, that because it offered the coverage in 1982 and in the April 1985 renewal notice, it was not obligated to reoffer the coverage in October 1985. Knight does not seriously contest State Farm's claim it made a meaningful offer of coverage in 1982. He does resist the notion the April 1985 offer of coverage was meaningful. The trial judge found the heart of this controversy is whether the April 1985 renewal notice and insert sufficiently offered underinsured motorist coverage to

Knight. We hold it unnecessary to reach that question for the reason State Farm was required to make a valid offer of underinsured coverage in October 1985 at the time the policy was renewed.

Section 56-9-831, Code of Laws of South Carolina, 1976, as amended.[1] requires insurance carriers "to offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage. . . ." The statute does not specify the form or manner in which insurers must offer the coverage. However, "the statute mandates the insured to be provided with adequate information, and in such a manner, as to allow the insured to make an intelligent decision to accept or reject the coverage." *State Farm Mutual Automobile Insurance Company v. Wannamaker*, 291 S. C. 518, 521, 354 S. E. (2d) 555, 556 (1987). As a practical matter, the only meaningful point in time such offer may be made is at the time the parties enter into the insurance contract. State Farm argues the parties entered into their insurance contract in 1982 and all subsequent renewals were simply extensions or continuations of the 1982 contract. We disagree.

The general rule is that the renewal of a policy of insurance for a fixed term is in effect a new contract and must contain all the essentials of a valid contract. *Hodge v. National Fidelity Ins. Co.*, 221 S. C. 33, 68 S. E. (2d) 636 (1952); *Benson v. Rosler*, 19 Ohio St. (3d) 41, 482 N. E. (2d) 599 (1985); *Boone v. Standard Accident Ins. Co.*, 192 Va. 672, 66 S. E. (2d) 530 (1951); *Reserve Insurance Co. v. Duckett*, 249 Md. 108, 238 A. (2d) 536 (1968); 44 C. J. S. *Insurance* Section 283 (1945); 43 Am. Jur. (2d) *Insurance* Section 443 (1982); 13A J. Appleman, *Insurance Law and Practice* Section 7648 (1976); *cf. Hudson v. Reserve Life Ins. Co.* 245 S. C. 615, 141 S. E. (2d) 926 (1965).[2] This is so even though the

---

[1] This section was repealed effective January 1, 1988. 1987 *S. C. Acts* 385, 1072. The basic substantive provisions are now contained in Section 38-77-160, Code of Laws of South Carolina, 1976, as amended.

[2] Our new Automobile Insurance Act codified as Sections 38-77-10 through 38-77-1160, Code of Laws of South Carolina, 1976 as amended, defines a renewal as "the issuance and delivery by an insurer of a policy superseding at the end of the policy period a policy previously issued and delivered by the same insurer, the renewal policy to provide types and

parties' renewal contract continues in force the terms of the expiring contract and no new policy of insurance is issued. *Fontenot v. State Farm Mutual Ins. Co.*, 119 So. (2d) 588 (La. App. 1960); *Courville v. State Farm Mut. Auto Ins. Co.*, 393 So. (2d) 703 (La. 1981). The exception to these general rules is where the renewal is consummated in pursuance of a provision in the expiring policy. In such instance the renewal is an extension of the old contract. 43 Am. Jur. (2d) *Insurance* Section 443 (1982); 18 *Couch on Insurance 2d* (Rev. Ed) Section 68:43 (1983).

The April 1985 policy was issued for a period of only six months. Nothing in the record suggests there was a provision in the insurance policy that obligated either party to continue the policy after its October 26, 1985 expiration date. *Cf. Surety Indemnity Company v. Estes*, 243 S. C. 593, 135 S. E. (2d) 226 (1964). Nor does the record contain any indication the October 1985 renewal was effectuated pursuant to a renewal provision in the April policy. The October 1985 renewal was accomplished by State Farm offering to renew the policy through its renewal notice which Knight accepted by the payment of the required premium. *See Temptron, Inc. v. Dixie Fire & Cas. Co.*, 241 S. C. 55, 127 S. E. (2d) 4 (1962).

We hold the parties entered into a new contract of insurance in October 1985.

The burden of producing evidence that Section 56-9-831 was complied with at the time the parties entered into the new contract of insurance in October 1985 is upon State Farm. *State Farm v. Wannamaker, supra; Reserve Ins. Co. v. Duckett, supra.* To comply with Section 56-9-831, State Farm's October offer to renew must have contained all of the requirements of the law relative to

---

limits of coverage at least to those contained in the policy being superseded, or the issuance and delivery of a certificate or notice extending the terms of a policy beyond its policy period or term with types and limits of coverage at least equal to those contained in the policy being extended." Section 38-77-30(10). The case of *Borders v. Great Falls Yosemite Ins. Co.*, 72 Cal. App. (3d) 86, 140 Cal. Rptr. 33 (1977) interpreted a similar provision in California's law to mandate an offer to renew and acceptance thereof to effectuate a renewal of a policy pursuant to the statute.

underinsurance. Manifestly, it did not.[3] Accordingly, we affirm the trial court's ruling that Knight is entitled to underinsurance coverage. *See* Supreme Court Rule 4, Section 8 (this Court reserves the right to sustain a ruling upon any ground appearing in the record).

Affirmed.

SHAW and LITTLEJOHN, JJ., concur.

---

[3] It is also clear State Farm made no offer of coverage after the effective date of the October renewal but prior to the loss.