23168

Beverly S. ZEIGLER, Appellant v. SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Respondent.

(393 S.E. (2d) 166)

Supreme Court

*Thomas B. Bryant, III*, Orangeburg, *for appellant.*

*Robert J. Thomas*, Columbia, *for respondent.*

Heard Feb. 7, 1990.

Decided March 12, 1990.

GREGORY, Chief Justice:

This is a declaratory judgment action in which the trial judge ruled appellant (Zeigler) is not entitled to underinsured motorist coverage under her policy with respondent (Farm Bureau). We reverse.

Zeigler was injured in a collision with an at-fault motorist. She commenced this action asserting her policy with Farm Bureau should be deemed to provide underinsured motorist coverage. The trial judge found Farm Bureau made an effective offer of underinsured motorist coverage which Zeigler rejected and concluded she was therefore not entitled to the coverage.

At trial, Zeigler and her husband testified Farm Bureau's agent never discussed underinsured motorist coverage with them. Zeigler stated she opened all correspondence addressed to them from Farm Bureau but never noticed any information concerning this coverage.

Farm Bureau presented the following evidence. Farm Bureau's agent testified she always discussed underinsured motorist coverage with a customer purchasing a policy. The Zeiglers checked a specific box indicating they rejected underinsured motorist coverage on their original policy applications in 1981 and 1982. The policies in effect on the date of Zeigler's accident were renewed August 12 and September 4, 1986. Included with the policy renewal notices for these two policies were inserts explaining underinsured motorist coverage and instructions to sign an enclosed form indicating whether or not the customer desired underinsured motorist coverage. The Zeiglers did not sign and return the form.

The trial judge found Farm Bureau made an effective offer of underinsured motorist coverage based on the evidence its agent discussed the coverage and the sufficiency of the explanatory inserts that were mailed with the applicable renewal notices.

In *State Farm Mutual Automobile Insurance Co. v. Wannamaker*, 291 S.C. 518, 354 S.E. (2d) 555 (1987), this Court set forth four criteria[1] to establish an effective offer of underinsured motorist coverage under S.C. Code Ann. § 38-77-160 (1989).[2] These criteria must be met at the time of each policy renewal. *Knight v. State Farm Mut. Auto Ins. Co.*, 297 S.C. 20, 374 S.E. (2d) 520 (Ct. App. 1988); *Dewart v. State Farm Mut. Auto. Ins. Co.*, 296 S.C. 150, 370 S.E. (2d) 915 (Ct. App. 1988).

In *Dewart, supra,* the Court of Appeals considered a premium renewal notice which included an insert purporting to explain underinsured motorist coverage. It held the insert did not constitute an intelligible explanation of the coverage under *Wannamaker* because the renewal notice itself did not contain any language directing the customer to read the insert and without such a warning a customer would likely throw it away without reading it.

In this case, as in *Dewart,* the premium renewal notices did not contain any language directing the customer to read the insert concerning underinsured motorist coverage. We adopt the reasoning of *Dewart* and conclude Farm Bureau did not make an effective offer of underinsured motorist coverage at the time the applicable policies were renewed.

Accordingly, the judgment of the circuit court is

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

---

[1] The four criteria are: (1) the insurer's notification process must be commercially reasonable, whether oral or in writing; (2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told that optional coverages are available for an additional premium.

[2] Formerly S.C. Code Ann. § 56-9-831 (Supp. 1986).