1477

Andrea Michelle JACKSON, Appellant v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO., Respondent.

(392 S.E. (2d) 472)

Court of Appeals

*M. Terry Haselden* of *Faucette Law Firm,* Spartanburg,
*for appellant.*

*H. Spencer King* of *King & Hray,* Spartanburg, *for
respondent.*

Heard Feb. 20, 1990.

Decided April 2, 1990.

BELL, Judge:

This is an action in equity for reformation of automobile liability insurance contracts. Andrea Michelle Jackson seeks to include underinsured motorist coverage in her written contracts of insurance with State Farm Mutual Automobile Insurance Company as a remedy for State Farm's alleged failure to comply with Section 38-77-160, Code of Laws of South Carolina, 1976, as amended. This statute requires automobile insurance carriers to offer their insureds optional underinsured motorist coverage up to the limits of liability coverage. *See State Farm Mutual Automobile Insurance Company v. Wannamaker,* 291 S.C. 518, 354 S.E. (2d) 555 (1987). The trial court denied reformation. Jackson appeals. We reverse and remand.

Jackson received extensive injuries when the car she was driving was hit by another car. The at fault driver tendered $25,000 in settlement to Jackson. Jackson then made a claim for underinsured motorist coverage under her automobile insurance policies with State Farm. State Farm denied Jackson's claim on the ground that Jackson rejected its offers of underinsured motorist coverage. This suit followed.

Jackson asserts the trial court erred in finding State Farm made a meaningful offer of underinsured motorist coverage on Jackson's 1971 Datsun. A State Farm agent testified his employee made an offer of underinsured motorist coverage to Jackson's husband. The agent was not present at the time the offer was made. He stated he had "a good idea what she told [Jackson's husband]." The employee did not testify to the content of her offer or that she had made any offer at all. State Farm contends the agent's testimony and a rejection form signed by Jackson's husband establish it made a meaningful offer of underinsured motorist coverage.

The agent's testimony is not based on personal knowledge and is, therefore, incompetent to establish the content of his employee's alleged offer. *See State v. Hollingsworth,* 78 N.C. App. 578, 337 S.E. (2d) 674 (1985) (testimony of witness on issue not within his own personal knowledge is incompetent). The only competent evidence regarding this alleged oral offer is from Jackson's husband who testified the

employee asked him to sign the rejection form without explaining the optional coverage.

In order for the rejection form to constitute a meaningful offer of underinsured motorist coverage, it must: (1) give notification of the offer in a commercially reasonable manner; (2) specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) intelligibly advise the insured of the nature of the optional coverage and how it differs from other coverages; and (4) tell the insured that optional coverages are available for an additional stated premium. *Dewart v. State Farm Mutual Automobile Insurance Company*, 296 S.C. 150, 370 S.E. (2d) 915 (Ct. App. 1988). The rejection form, standing alone, fails the *Dewart* test. It provides only a cursory definition of underinsured motorist coverage and contains no explanation of how it differs from other coverages. It states in general terms that the optional coverage is available up to the limits of the insured's liability coverage, but does not specify the limits of the coverage in dollar amounts. It also fails to state the amount of additional premium the insured must pay for underinsured motorist coverage at the specified limits. Consequently, State Farm did not meet its burden of producing evidence that a meaningful offer of underinsured motorist coverage was made. *See Knight v. State Farm Mutual Automobile Insurance Company*, 297 S.C. 20, 374 S.E. (2d) 520 (Ct. App. 1988), cert. denied, 298 S.C. 203, 379 S.E. (2d) 133 (1989).

State Farm asserts the insurance policy on the Datsun was not pleaded as a basis for reformation. The record reflects State Farm agreed to amendment of the pleadings to include the insurance policy on the Datsun. Thus, the assertion is without merit.

For the reasons given, we hold that State Farm failed to make a meaningful offer of underinsured motorist coverage to Jackson. The judgment of the trial court is reversed and the case is remanded with directions to reform the policy to afford underinsured motorist coverage up to the limits of Jackson's liability coverage.

Reversed and remanded.

GARDNER and CURETON, JJ., concur.