### 23317

Andrea Michelle JACKSON, Petitioner v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

(400 S.E. (2d) 492)

Supreme Court

*M. Terry Haselden, Faucette Law Firm, P.A.,* Spartanburg, *for petitioner.*

*H. Spencer King, King and Hray, P.A.,* Spartanburg, *for respondent.*

Heard Dec. 11, 1990.

Decided Jan. 21, 1991.

HARWELL, Justice:

This case involves the issue of whether the insurer failed to make a meaningful offer of underinsured coverage to the insured such that the insured is entitled to a reformation of her automobile policies to include such coverage. The trial judge denied reformation as to all four policies. The Court of Appeals reversed the order of the trial judge finding that the insurer had failed to prove that a meaningful offer of underinsured coverage had been made and remanded the case to the trial judge to reform one of the policies to afford underinsured motorist coverage up to the limits of the insured's liability coverage. *Jackson v. State Farm Mut. Auto. Ins. Co.,* ___ S.C. ___, 392 S.E. (2d) 472 (Ct. App. 1990). We granted writ of certiorari to review the Court of Appeals' decision in this matter as it failed to address whether the insured was entitled to have the remaining three policies reformed to include underinsured motorist coverage as well.

## I. FACTS

Petitioner Andrea Michelle Jackson was seriously injured on May 11, 1985, when the car she was driving was hit by another car. At the time of the collision, petitioner and her husband owned four vehicles insured by respondent State Farm Mutual Automobile Insurance Company: a 1977 Dodge Diplomat that petitioner was driving at the time of the accident, a 1971 Datsun, a 1947 Chevrolet truck, and a 1972 Chevrolet truck. All of the vehicles except the 1972 Chevrolet truck had bodily injury liability limits of $25,000.00 per individual, $50,000.00 per occurrence, and $25,000.00 property damage. The 1972 Chevrolet truck had bodily injury liability limits of $50,000.00 per individ-

ual, $100,000.00 per occurrence, and $50,000.00 property damage. No underinsured motorist coverage was included on any of the policies at the time of the collision.

Subsequent to the collision, petitioner obtained a $25,000.00 tender of settlement from the at-fault driver. This amount represented the available liability limit of the at-fault driver's insurance policy. Because petitioner's injuries exceeded this amount, she then made a claim for underinsured motorist coverage with State Farm. State Farm denied coverage on the ground that petitioner had rejected its offers of underinsured motorist coverage. Petitioner then filed an action against State Farm seeking reformation of the insurance policies with State Farm to include underinsured motorist coverage. As the basis of petitioner's request for relief, she alleged that State Farm had failed to comply with S.C. Code Ann. § 56-9-831 (Supp. 1986)[1] which requires automobile insurance carriers to offer its insureds optional underinsured motorist coverage up to the limits of liability coverage. The trial court denied reformation finding that State Farm had made meaningful offers of underinsured motorist coverage under the test set forth in *State Farm Mut. Auto. Ins. Co. v. Wannamaker*, 291 S.C. 518, 354 S.E. (2d) 555 (1987). Petitioner appealed the order of the trial judge to the Court of Appeals.

The Court of Appeals reversed the order of the trial judge finding that State Farm had not made a meaningful offer of underinsured coverage as to the 1971 Datsun and remanded the case to the trial judge to reform this specific policy to afford underinsured motorist coverage up to the limits of petitioner's liability coverage on that vehicle. The Court of Appeals failed, however, to address the issue of whether State Farm made a meaningful offer of underinsured motorist coverage on the other three vehicles, the 1977 Dodge Diplomat, the 1947 Chevrolet Truck, and the 1972 Chevrolet truck. We granted petitioner's petition for writ of certiorari on this issue.

## II. DISCUSSION

S.C. Code Ann. § 56-9-831 (Supp. 1986) provides that insurance carriers must make an offer of underinsured motorist

---

[1] This section has since been amended and recodified at S.C. Code Ann. § 38-77-160 (1989).

coverage to its insureds up to the limits of the insureds' liability coverage. In *State Farm Mut. Auto. Ins. Co. v. Wannamaker*, 291 S.C. 518, 354 S.E. (2d) 555 (1987), this Court had the opportunity to interpret Section 56-9-831. In Wannamaker, we determined that the legislature, through the enactment of Section 56-9-831, required that the insured have the option of accepting or rejecting an effective offer of underinsured coverage up to the limits of the insured's liability coverage. We interpreted Section 56-9-831 as mandating that the insured be provided with adequate information, and in such manner, as to allow the insured to make an intelligent decision of whether to accept or reject the coverage. In *Wannamaker*, we adopted a four part test to determine whether an insurer has complied with its duty to offer optional coverages: (1) the insurer's notification process must be commercially reasonable, whether oral or in writing; (2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told that optional coverages are available for an additional premium. Additionally, we placed on the insurer, the initial burden of proving that a meaningful offer of optional coverage had been made to the insured. *See Knight v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 20, 374 S.E. (2d) 520 (Ct. App. 1988).

In *Dewart v. State Farm Mut. Auto. Ins. Co.*, 296 S.C. 150, 370 S.E. (2d) 915 (Ct. App. 1988), the Court of Appeals was faced with the issue of whether the insurer's two-part offer of underinsured motorist coverage, consisting of a premium notice and an insert, constituted a meaningful offer of underinsured motorist coverage under *Wannamaker*. The *Dewart* court found that the insurer had failed to provide the insured with a meaningful offer because the premium notice: (1) did not explain underinsured motorist coverage; (2) did not use the words "underinsured motorist" or "underinsured motor vehicle" and only referred to "coverage W" without explaining what it was; and (3) did not direct the insured to read the critical information regarding underinsured motorist coverage contained in the insert. The *Dewart* court reasoned that placing critical information in two documents, without including anything on the premium renewal notice alerting the insured to read the insert, was not a method reasonably calculated to

draw the insured's attention to the nature of the offer. The Court of Appeals concluded that, although the insurer's offer satisfied three of the four prongs of the *Wannamaker* test, the deficient premium renewal notice failed to comport with the third prong of the test which requires the insurer to intelligibly advise the insured of the nature of optional coverage.

Once again in this case, the Court of Appeals was faced with whether State Farm had made a meaningful offer of underinsured motorist coverage to petitioner as to her four vehicles: a 1971 Datsun, a 1977 Dodge Diplomat, a 1947 Chevrolet truck, and a 1972 Chevrolet truck. In its opinion, the Court of Appeals found that there had been no meaningful offer of underinsured motorist coverage as to the 1971 Datsun because the signed rejection form, in and of itself, was not a sufficient meaningful offer of coverage. We denied State Farm"s petition for writ of certiorari to review this portion of the Court of Appeals' opinion.

As to the remaining policies on the other three vehicles, we find that State Farm met its burden of proving that it had made a meaningful offer of underinsured coverage. As to each of these three vehicles, petitioner received a two-part offer consisting of a premium renewal notice and an insert explaining the optional coverages.[2] Unlike the deficient premium renewal notice in *Dewart*, the notices here did refer to "underinsured" and "uninsured" motor vehicle coverage using those words. Most importantly, the premium notices here are distinguishable from the notice sent in *Dewart*, as they each contained a statement instructing the insured to refer to the insert for a further explanation of underinsured and uninsured motor vehicle coverage. We find that this was sufficient to draw the insured's attention to the brochure explaining the coverage. When read together, we find that State Farm's two-part offer as to the three remaining vehicles satisfied the test set forth in *Wannamaker*. Consequently, the opinion of the Court of Appeals is

Affirmed as modified.

---

[2] Although the record in this case only contains the premium renewal notice and insert sent to petitioner on the policy renewal date for the 1977 Dodge Diplomat, the parties stipulated that the same offer materials were also sent to petitioner as to the 1972 truck and the 1947 truck.

GREGORY, C.J., FINNEY and TOAL, JJ., and MOORE, Acting Associate Justice, concur.

