23441

Frederick L. WEBB, III, Respondent v. SOUTH CAROLINA INSURANCE CO., State Farm Mutual Automobile Insurance Co., and Nationwide Mutual Insurance Company, Of Whom Nationwide Mutual Insurance Company, is Appellant. Appeal of NATIONWIDE MUTUAL INSURANCE COMPANY.

(407 S.E. (2d) 635)

Supreme Court

*John C. Hayes, III* of *Hayes, Brunson & Gatlin,* Rock Hill, *for appellant.*

*Charles B. Burnette, III* of *Ridley, Ridley and Burnette,* Rock Hill, *for respondent.*

Heard May 21, 1991; Decided July 22, 1991.

Rehearing Denied Aug. 16, 1991.

GREGORY, Chief Justice:

Respondent Webb commenced this declaratory judgment action seeking to establish his entitlement to underinsured motorist (UIM) coverage in the amount of $15,000 under his stepfather's policy with appellant (Nationwide). The trial judge granted Webb's motion for summary judgment. We affirm.

The facts are undisputed. Webb was severely injured while a passenger in his own car in April 1988. At the time, he was a resident of his stepfather's household. Webb's stepfather, Richard Pase, had a policy with Nationwide. The policy was first issued on May 30, 1986. On that date, Pase was offered but rejected UIM coverage. The policy by its terms expired in six months on November 30, 1986. It was renewed three times for a six-month period each time and was in effect at the time of the accident. Pase did not receive another offer of UIM coverage after the initial policy was issued. The sole issue is whether the policy should be deemed to include UIM coverage because Nationwide failed to offer it upon renewal.

In *Knight v. State Farm Mutual Automobile Insurance Co.,* 297 S.C. 20, 374 S.E. (2d) 520 (Ct. App. 1988), the Court of Appeals held that a policy renewal was a new contract of in-

surance requiring a valid offer of UIM coverage. *See also Zeigler v. South Carolina Farm Bureau Mut. Ins. Co.,* — S.C. —, 393 S.E. (2d) 166 (1990) (citing *Knight* for proposition that UIM must be offered at policy renewal); *Allstate Ins. Co. v. Thatcher,* 283 S.C. 585, 325 S.E. (2d) 59 (1985) (renewal is a new contract requiring renegotiation of exclusion endorsement). Nationwide contends, however, its policy comes under an exception noted in *Knight* for a renewal that is "consummated in pursuance of a provision in the expiring policy." 297 S.C. at 23, 374 S.E. (2d) at 522. We therefore address the extent of an exception to the rule that renewal constitutes a new contract.

We hold that unless (1) the expiring policy mandates the same terms shall remain in effect *and* (2) the terms of the policy do not change upon renewal, renewal is a new contract requiring a valid offer of UIM coverage. Absent a mandatory provision in the expiring policy extending its terms, the fact that a renewal continues in effect the same terms as the expiring policy is not dispositive. Conversely, where the terms of the policy are in fact changed upon renewal, the renewal is a new contract irrespective of the provisions in the expiring policy regarding renewal. We hereby overrule the Court of Appeals' recent decision to the contrary in *Simpson v. State Farm Mutual Insurance Co.,* — S.C. —, 403 S.E. (2d) 167 (Ct. App. 1991).[1]

The Nationwide policy in this case provides:

Your policy is written for a six-month policy period. We will renew it for successive policy periods, subject to the following conditions:

a) Renewal will be in accordance with policy forms, rules, rates and rating plans in use by us at the time.

b) All premiums or premium installment payments must be paid when due, whether payable directly to us or through any premium finance plan.

c) Neither you, nor anyone who lives in your household, nor anyone who customarily operates a motor vehicle

---

[1] We also reject Nationwide's argument that renewal is not a new contract because S.C. Code Ann. § 38-77-110 (Supp. 1990) requires insurers to renew coverage for an insurable risk. Since the statute does not prohibit renegotiation of the *terms* of the contract, it is not applicable here.

covered by your policy has his driver's license suspended or revoked during the policy period.

We find it dispositive that subsection (a) of this provision specifically contemplates upon renewal a renegotiation of an essential term of the contract, the premium rate. Accordingly, we find the renewal in this case constitutes a new contract requiring a valid offer of UIM coverage. We therefore affirm the circuit court's ruling that Webb is entitled to $15,000 in UIM coverage under Pase's policy with Nationwide.

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.