## 2017

W.L. MATHIS, as Personal Representative of the Estate of Jonathan David Mathis, Deceased, Appellant v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

(431 S.E. (2d) 619)

Court of Appeals

*Frank A. Barton*, Columbia, *for appellant.*

*Rebecca Laffitte* and *Steven A. McKelvey, Jr.*, both of *Nelson, Mullins, Riley & Scarborough*, Columbia, *for respondent.*

Heard Feb. 22, 1993; Decided May 17, 1993.

Reh. Den. July 14, 1993.

GARDNER, Judge:

W.L. Mathis (Mathis) brought this action, as Personal Representative of the estate of Jonathan David Mathis, deceased, in equity seeking reformation of two insurance contracts issued by State Farm Mutual Automobile Insurance Company (State Farm) to include underinsured motorist (UIM) coverage. The trial judge denied Mathis's request for reformation finding that no coverage existed. Mathis appeals. We reverse and remand.

## FACTS

Mathis is the paternal grandfather of Jonathan David Mathis. Jonathan was the son of David and Sherron Mathis (the Mathises) and was killed as a result of an automobile accident at age four. On February 2, 1989, Jonathan was riding in a 1985 Celebrity stationwagon being driven by his mother when it collided with another automobile. The station wagon was owned by David Mathis and was insured by State Farm with liability limits in the amount of $100,000/$300,000/$50,000. The Mathises also owned a 1988 pickup truck which was also insured by State Farm with the same liability limits. The other automobile was at fault and had liability coverage limits in the amount of $25,000. At the time of the accident, the Mathises' policies with State Farm did not include UIM coverage. This action was brought to reform the policies issued by State Farm to include UIM coverage in the amounts of $100,000/$300,000/$50,000 at the time of the accident.

Mathis raises one principal issue on appeal: whether he is entitled to reformation based on State Farm's failure to make a proper offer of UIM coverage on renewal.[1]

---

[1]Initially, Mathis raised two other issues. The first, whether Mathis was entitled to stack if his policies were reformed, was withdrawn at oral argu-

## DISCUSSION

State Farm contends that its August 1988 offer of UIM coverage is the only offer material to this appeal because it was the last offer before the February 1989 accident. We agree and focus our analysis on that renewal and offer of UIM coverage.

Insurers are required by law to make a meaningful offer of UIM insurance up to the limits of the insured's liability coverage. S.C. Code Ann. § 38-77-160 (1976). In the well-recognized case of *State Farm Mutual Automobile Ins. Co. v. Wannamaker*, 291 S.C. 518, 354 S.E. (2d) 555 (1987), our Supreme Court adopted a test which is determinative of whether an insurance carrier has made a "meaningful offer." Under *Wannamaker*, 1) the insurer's notification process must be commercially reasonable, whether oral or in writing; 2) the insurer must specify the limit of optional coverage and not merely offer additional coverage in general terms; 3) the insurer must intelligibly advise the insured as to the nature of optional coverage and how it differs from other coverages; and 4) the insurer must tell the insured that optional coverages are available for an additional stated premium. *Id.* at 521, 354 S.E. (2d) at 556. Since *Wannamaker* several other decisions have further defined these duties. *See Jackson v. State Farm Mut. Auto. Ins. Co.*, 303 S.C. 321, 400 S.E. (2d) 492 (1991), *aff'g as modified*, 301 S.C. 440, 392 S.E. (2d) 472 (Ct. App. 1990); *Hanover Ins. Co. v. Horace Mann Ins. Co.*, 301 S.C. 55, 389 S.E. (2d) 657 (1990); *Dewart v. State Farm Mut. Auto Ins. Co.*, 296 S.C. 150, 370 S.E. (2d) 915 (Ct. App. 1988).

---

ment. The second issue, whether the trial judge erred in concluding no new offers of UIM coverage were required for policy renewals after initial issuance of the policy, was conceded to by State Farm in its brief. In regard to the second issue, we note that trial judge relied on *Simpson v. State Farm Mut. Auto. Ins. Co.*, 304 S.C. 137, 403 S.E. (2d) 167 (Ct. App. 1991). *Simpson* was overruled, subsequent to the trial court's decision in the present case, by *Webb v. South Carolina Ins. Co.*, 305 S.C. 211, 407 S.E. (2d) 635 (1991). In *Webb* the Supreme Court held that unless (1) the expiring policy mandates the same terms shall remain in effect *and* (2) the terms of the policy do not change upon renewal, renewal is a new contract requiring a valid offer of UIM coverage. *Id.*

Mathis does not challenge the offer on the first or third prong of the *Wannamaker* test.[2] He argues, however, that State Farm neither properly specified the available limits of UIM coverage nor advised the Mathises that the coverage was available for an additional premium. The insert for the August 1988 policies appeared as follows:

| Bodily Injury Limits Per Person/Per Accident | Property Damage Liability Limits | Semi-Annual Premiums | |
|---|---|---|---|
| | | Coverage U | Coverage W |
| $15,000/$30,000 | $5,000 | $4.50 | $ 1.00 |
| $20,000/$40,000 | $5,000 | $5.00 | $ 9.00 |
| $25,000/$50,000 | $5,000 | $5.50 | $10.00 |
| $50,000/$100,000 | $5,000 | $6.50 | $16.00 |
| $100,000/$300,000 | $5,000 | $7.50 | $24.00 |

At that time, the limits of the Mathises' liability policy were $100,000/$300,000/$50,000. As shown above, State Farm's offer of optional UIM coverage only provided property damage coverage up to $5,000. Mathis argues that the policies should be reformed because State Farm's failure to offer the property coverage in any amount other than $5,000 violated *Wannamaker*.

In response, State Farm makes the unique argument that section 38-77-160 does not require an offering of UIM property damage coverage. In search of support for this proposition, State Farm cites the statutory definition of an "underinsured motor vehicle"[3] which only mentions coverage for bodily injury and not property damage. S.C. Code Ann. § 38-77-30(14) (Supp. 1992). From this State Farm concludes an underinsured motor vehicle is one on which there is insufficient

[2]The August 1988 renewal notice and offer of UIM coverage was mailed to Mathis. This notification process has been held to be commercially reasonable. *Dewart v. State Farm Mutual Automobile Ins. Co.*, 296 S.C. 150, 370 S.E. (2d) 915 (Ct. App. 1988). The offer consisted of an insert and renewal notice which properly alerted the Mathises to the offer of UIM coverage by placing "SEE ENCLOSED INSERT FOR OFFER OF . . . UNDERINSURED MOTOR VEHICLE—COVERAGE W" on the premium notice. *Jackson v. State Farm Mut. Auto. Ins. Co.*, 303 S.C. 321, 400 S.E. (2d) 492 (1991). Additionally, the insert defined and explained the purpose of UIM insurance. *Id.*

[3]"Underinsured motor vehicle" means a motor vehicle as to which there is bodily injury liability insurance . . . in an amount of at least that specified by Section 38-77-140 [the section setting minimum liability limits] and the amount of insurance . . . is less than the amount of the insureds' damages. S.C. Code Ann. § 38-77-30(14) (Supp. 1992).

bodily injury liability insurance, and, therefore, the statute only requires insurance carriers to offer UIM coverage for bodily injury and not necessarily for property damage. We disagree.

Section 38-77-160 is controlling and provides:

> Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that *damages* are sustained in excess of the liability limits carried by an at fault insured or underinsured motorist.

*Id.* (Emphasis added.) We find it unnecessary to go beyond section 38-77-160 in making our determination.

Where the terms of a statute are clear and unambiguous, they must be applied according to their literal meaning. *Green v. Zimmerman,* 269 S.C. 535, 238 S.E. (2d) 323 (1977). On its face, the statute requires an offer of UIM insurance up to the limits of the insured's liability coverage to provide coverage "in the event that damages are sustained." The common understanding of the term "damages" includes property damage.

Moreover, a statute must be given a practical, reasonable and fair construction consonant with the purpose and policy expressed by the lawmakers. *Browning v. Hartvigsen,* 307 S.C. 122, 414 S.E. (2d) 115 (1992). One purpose of the statute is to entitle "every automobile insurance risk which is insurable . . . automobile insurance . . ." S.C. Code Ann. § 38-77-10(1) (1976). The statute is to be liberally construed to achieve this purpose. S.C. Code Ann. § 38-77-20 (1976). We hold that a liberal construction of section 38-77-160 requires that offers of UIM insurance include coverage for both bodily injury and property damage up to the limits of the insured's liability policy.

Accordingly, we hold that State Farm did not make a meaningful offer of UIM coverage under *Wannamaker.* We reverse and remand so that the policies may be reformed to include UIM coverage. *See Hanover Ins. Co. v. Horace Mann Ins. Co.,* 301 S.C. 55, 57, 389 S.E. (2d) 657, 659 (1990) ("A noncomplying offer has the legal effect of no offer at all"). Based on our holding it is unnecessary to discuss any of the other issues raised by this appeal.

For the foregoing reasons, we reverse and remand.

Reversed and remanded.

SHAW and BELL, JJ., concur.