513 S.E.2d 127

**Joseph RUSSO, Respondent,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.**

No. 2953.

Court of Appeals of South Carolina.

Heard Jan. 12, 1999.

Decided March 8, 1999.

Robert C. Brown, of Brown & Brehmer, of Columbia, for appellant.

Dennis H. Smith, of Dennis H. Smith, P.A., of Surfside Beach, for respondent.

PER CURIAM:

In this insurance case, the trial court awarded Joseph Russo $15,000 in damages for loss of consortium under "rolled-on" underinsured motorist (UIM) coverage. The trial court found that Mr. Russo's damages were separate from and in addition to the $15,000 in damages awarded under the same UIM coverage to Beverly Ann Russo for her bodily injuries. We reverse and remand.

## BACKGROUND

Mrs. Russo sustained severe bodily injuries arising from an automobile accident on August 1, 1994. The Russos received full payment under the liability limits available from the at-fault driver's insurance company. Although the Russos' policy omitted UIM coverage, both parties stipulated that recent case law mandated rolled-on UIM coverage of $15,000 per person with a $30,000 per occurrence cap. *See Butler v. Unisun Ins. Co.,* 323 S.C. 402, 405, 475 S.E.2d 758, 760 (1996) ("If the insurer fails to comply with the statutory duty to make a meaningful offer to the insured, the policy will be reformed, by operation of law, to include UIM coverage up to the limits of liability insurance carried by the insured."). Nationwide Mutual Insurance Co., the Russos' insurer, paid Mrs. Russo $15,000 in rolled-on UIM coverage for her bodily injuries.

Mr. Russo filed a declaratory judgment action seeking $15,000 for loss of consortium under a "per person" UIM limit independent from that invoked to cover Mrs. Russo's bodily injury claims. After Nationwide filed its answer, both Nationwide and the Russos moved for summary judgment. The Russos argued South Carolina Code section 38–77–160 (Supp. 1998), entitles Mr. Russo to $15,000 for loss of consortium and Mrs. Russo to $15,000 for bodily injuries under separate per person UIM limits, rather than limiting the Russos' total combined recovery to $15,000. The trial court granted summary judgment in Mr. Russo's favor and awarded Mr. Russo $15,000 in damages.

## LAW/ANALYSIS

Loss of consortium is a claim for consequential damages and is generally excluded from automobile insurance policy definitions of "bodily injuries." *Sheffield v. American Indem. Co.,* 245 S.C. 389, 394–5, 140 S.E.2d 787, 790 (1965).

"Thus, it is generally held that where a wife has sustained injury by reason of the negligent operation of an insured's automobile and has been paid the full amount limited by an automobile liability policy in case of 'bodily injury' to one person, her husband, who has sustained no physical injury, cannot recover from the insurer for consequential damages

for loss of consortium, etc., since he has sustained no 'bodily injury' within the meaning of the policy."

*Id.* at 395, 140 S.E.2d at 790 (quoting 7 Am.Jur.2d, *Automobile Insurance* § 195 (1963) (footnote omitted)).[1]

 Mr. Russo concedes that loss of consortium is not a "bodily injury," but argues section 38–77–160 is broad enough to authorize his recovery. Section 38–77–160 requires "[UIM] coverage up to the limits of the insured liability coverage to provide coverage in the event that *damages* are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist." S.C.Code Ann. § 38–77–160 (Supp. 1998) (emphasis added).[2] Mr. Russo claims that by using the broader term "damages" in the UIM statute, instead of the more limited term "damages ... because of bodily injury" used in the general liability coverage statute, S.C.Code Ann. § 38–77–140 (1989), the South Carolina General Assembly consciously intended broader UIM coverage. Specifically, he argues the phrase "damages sustained in excess of the liability limits" is not limited to claims involving bodily injury, and thus, entitles him to $15,000 for loss of consortium damages in addition to Mrs. Russo's $15,000 for bodily injury damages. We disagree.

 In statutory construction, legislative intent prevails where it can be reasonably ascertained from the plain meaning of the statutory language. *Greenville Hosp. Sys. v. Provident Life & Accident Ins. Co.,* 330 S.C. 436, 442, 499 S.E.2d 232, 235 (Ct.App.1998); *Stephen v. Avins Constr. Co.,* 324 S.C. 334, 338–39, 478 S.E.2d 74, 76–77 (Ct.App.1996). "The statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design and policy of lawmakers." *Rosenbaum v. S–M–S 32,* 311 S.C. 140, 143, 427 S.E.2d

---

1. Although *Sheffield* focused on an uninsured (UM) claim rather than a UIM claim, we find *Sheffield* persuasive because loss of consortium damages do not constitute a bodily injury regardless of the coverage invoked.

2. Minimum liability insurance limits are "fifteen thousand dollars because of bodily injury to one person in any one accident, and, subject to the limit for one person, thirty thousand dollars because of bodily injury to two or more persons in any one accident." S.C.Code Ann. § 38–77–140 (1989).

897, 898 (1993). The declared purpose of South Carolina's automobile insurance laws is "[t]o provide that every automobile insurance risk which is insurable on the basis of the criteria established in this chapter is entitled to bodily injury liability and property damage liability automobile insurance from the automobile insurer of the applicant's choice." S.C.Code Ann. § 38–77–10(1) (Supp.1998).

The statutes governing basic liability insurance limit coverage to protection against damages "because of bodily injury." S.C.Code Ann. § 38–77–140 (1989). Although the UIM statute refers to "damages" generally rather than "damages due to bodily injury" specifically, that statute also clearly refers back to the basic liability coverage scheme. S.C.Code Ann. § 38–77–160 (Supp.1998).

Despite section 38–77–160's omission of the term "bodily injury," the repeated references to liability coverage and liability limits convince us the term "damages" must be construed in accordance with the basic liability coverage statute, section 38–77–140, which focuses on bodily injury damages. We must read these statutes together. *See Jackson v. Charleston County Sch. Dist.*, 316 S.C. 177, 181, 447 S.E.2d 859, 861 (1994) (noting statutory provisions should be given reasonable and practical construction consistent with the purpose and policy of the entire act). The term "damages" in section 38–77–160 means bodily injury or property damage because it references liability coverage, which in turn explicitly limits coverage to bodily injury. Such a construction accords with the statute's declared purpose. *See* S.C.Code Ann. § 38–77–10(1) (Supp.1998) (referencing bodily injury and property damage).

Our state's case law supports such a holding. *See State Farm Mut. Auto. Ins. Co. v. Bookert*, 330 S.C. 221, 229, 499 S.E.2d 480, 484 (Ct.App.1997) (concluding the legislature intended UIM coverage to provide the same type of coverage as liability coverage), *cert. granted*, (Nov. 6, 1998). In *Bookert*, this court considered whether an insurance policy's UIM coverage provisions rendered the policy inconsistent with section 38–77–160. *Id.* We "conclud[ed] the legislature intended for underinsured motorist coverage to provide the same type of coverage as liability coverage" because "underinsured mo-

torist coverage is intended to provide coverage where the at-fault driver's liability coverage is insufficient." *Id.*

Moreover, in *Mathis v. State Farm Mut. Auto. Ins. Co.*, 315 S.C. 71, 431 S.E.2d 619 (Ct.App.1993), we concluded the legislature intended to retain the common understanding of the term "damages" and to include property damages in addition to bodily damages. *Id.* at 75, 431 S.E.2d at 621–622 (basing this conclusion on the statute's purpose as expressed in section 38–77–10(1)). The legislature's response to that decision was to amend section 38–77–10(1) to specifically include the terms "bodily injury" and "property damage." S.C.Code Ann. § 38–77–10(1) (Supp.1998).

We presume the legislature's awareness of our decision in *Mathis* when passing that amendment. *See Whitner v. State,* 328 S.C. 1, 6, 492 S.E.2d 777, 779 (1997) (There is a "basic presumption that the legislature has knowledge of previous legislation as well as of judicial decisions construing that legislation when later statutes are enacted concerning related subjects."). The legislature's use of the terms "bodily injury" and "property damage" rather than the broader term "damages" in the amendment indicates an apparent decision not to broaden the purpose of the statute.

Accordingly, we hold that Mr. Russo may not recover for loss of consortium damages under a "per person" UIM limit separate from his wife's recovery for bodily injuries. We reverse the grant of summary judgment in favor of Mr. Russo and remand to the trial court for it to enter summary judgment in favor of Nationwide on Mr. Russo's claim for separate loss of consortium damages under UIM coverage.

**REVERSED AND REMANDED.**

CONNOR, HEARN and HUFF, JJ., concur.