THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Muriel V. Metts, Respondent,
 v.
 Charleston County Assessor, Appellant.
 
 
 

Appeal From the Administrative Law Court
 Paige J. Gossett, Administrative Law
 Judge
Unpublished Opinion No. 2008-UP-640
Submitted November 3, 2008 - Filed
 November 17, 2008    
AFFIRMED

 
 
 
 County
 Attorney Joseph Dawson, III, Deputy County Attorney Bernard E. Ferrara, Jr.,
 and Assistant County Attorney Bernice M. Jenkins, all of North Charleston, for
 Appellant.
 Muriel
 V. Metts, pro se, of Sullivans Island, for Respondent
 
 
 

PER CURIAM: The Charleston County Assessor (Assessor) appeals from
 an order of the Administrative Law Court (ALC) granting Muriel V. Metts a
 four-percent special property tax assessment ratio.  Metts received the
 four-percent assessment ratio until 2006.  In 2005, the Legislature amended the
 tax assessment ratio statute to guarantee a four-percent assessment ratio for
 properties that otherwise qualified but were rented out for less than fifteen
 days during the tax year.  Because Metts rented her home out for 85 days in
 2006, the Assessor prepared her tax bill for that year using the higher
 six-percent assessment ratio.  
We
 affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.  As to the
 question whether the ALC erred in its judgment:  S.C. Code Ann. § 1-23-610
 (Supp. 2007) (The review of the administrative law judges order must be
 confined to the record; appellate court may reverse the ALC if the ALCs
 decision is affected by [an] error of law.); S.C. Code Ann. § 12-43-220(c)(1)
 (Supp. 2007) (The legal residence . . . [is] taxed on an assessment equal to
 four percent of the fair market value of the property.); S.C. Code Ann.
 § 12-43-220(c)(2)(i) (Supp. 2007) (finding four percent assessment ratio
 applies when the owner-occupant [has] owned and occupied the residence as his
 legal residence and [has] been domiciled at that address for some period during
 the applicable tax year); S.C. Code Ann. § 12-43-220(c)(7) (Supp. 2007)
 (renting out a residential property for fewer than fifteen days during the tax
 year does not preclude that property from receiving the four percent assessment
 ratio); and Russo v. Nationwide Mut. Ins. Co., 334 S.C. 455, 458, 513
 S.E.2d 127, 128 (Ct. App. 1999) (In statutory construction, legislative intent
 prevails where it can be reasonably ascertained from the plain meaning of the statutory language.).  As to the question
 whether the ALC properly applied rules of statutory construction:  Aiken v.
 World Fin. Corp., 373 S.C. 144, 644 S.E.2d 705 (2007) (finding issues not
 raised and ruled upon in the trial court will not be considered on appeal).
AFFIRMED.
ANDERSON, HUFF,
 and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.