# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

USAA Casualty Insurance Company, Plaintiff,

v.

Vincent J. Rafferty Jr., as personal representative of the Estate of Megan Walters Jenkins, Defendant.

Appellate Case No. 2021-001390

---

## ON CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

---

Opinion No. 28143
Heard October 26, 2022 – Filed March 29, 2023

---

## CERTIFIED QUESTION ANSWERED

---

John Robert Murphy, Wesley Brian Sawyer, and Megan Noelle Walker, all of Murphy & Grantland, P.A., of Columbia, for Plaintiff.

Bert Glenn Utsey III, of Clawson Fargnoli Utsey, LLC, and Mark Joseph Bringardner, of Bringardner Injury Law Firm, LLC, all of Charleston, for Defendant.

---

**JUSTICE JAMES:** Pursuant to Rule 244, SCACR, the United States District Court for the District of South Carolina certified the following question to this Court:

> Under South Carolina law, may an auto insurer validly limit underinsured motorist property damage coverage to property damage to vehicles defined in the policy as "covered autos"?

In their briefs and during oral argument, the parties did not directly address the question as framed by the district court. Instead, the parties briefed and argued the broader question of whether an automobile insurer's offer of underinsured motorist (UIM) coverage must include property damage coverage. Because the answer to the broader question yields the answer to the certified question, we will follow the parties' lead. Plaintiff USAA Casualty Insurance Company (USAA) rightly concedes that if we hold an insurer is required to offer UIM property damage coverage, we must answer the certified question "no." We hold insurers are required to offer UIM property damage coverage and therefore answer the certified question "no."

## Background

In 2019, USAA issued a personal automobile policy to Megan Jenkins. The policy listed a Toyota Corolla as the insured vehicle and provided $100,000 in UIM coverage for property damage to "your covered auto." The policy defined "your covered auto" as any vehicle shown on the policy's declaration, any newly acquired vehicle, and any trailer owned by the insured.

While riding her bicycle, Jenkins was struck and killed by an underinsured motorist. Defendant Vincent Rafferty—Jenkins' personal representative—made a claim under Jenkins' policy for UIM property damage arising from damage to the bicycle. USAA denied the claim and commenced this action in federal court, asserting Jenkins' bicycle did not fall within the definition of "your covered auto." Whether USAA prevails depends upon whether automobile insurers are required to offer UIM property damage coverage at all. If insurers are not required to offer UIM property damage coverage, they are free to restrict such coverage to an insured's "covered auto."

## Discussion

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "Where the statute's language is plain and unambiguous[] and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Id.* "What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. Therefore, the courts are bound to give effect to the expressed intent of the legislature." *Id.*; *see McClanahan v. Richland Cnty. Council*, 350 S.C. 433, 438, 567 S.E.2d 240, 242 (2002) ("All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the

language used, and that language must be construed in light of the intended purpose of the statute."). The automobile insurance statutes we will discuss fall within a comprehensive statutory scheme, so they must be read as a whole, not in isolation. *See Higgins v. State*, 307 S.C. 446, 449, 415 S.E.2d 799, 801 (1992).

The court of appeals has unequivocally held South Carolina Code section 38-77-160 (2015) requires an insurer to offer UIM property damage coverage.[1] Though this Court has held section 38-77-160 requires an insurer to offer UIM coverage,[2]

---

[1] *See Mathis v. State Farm Mut. Auto. Ins. Co.*, 315 S.C. 71, 75, 431 S.E.2d 619, 621-22 (Ct. App. 1993) ("On its face, [section 38-77-160] requires an offer of UIM insurance up to the limits of the insured's liability coverage to provide coverage 'in the event that damages are sustained [in excess of the liability limits carried by the at-fault motorist].' The common understanding of the term 'damages' includes property damage. . . . We hold that a liberal construction of section 38-77-160 requires that offers of UIM insurance include coverage for both bodily injury and property damage up to the limits of the insured's liability policy."); *Russo v. Nationwide Mut. Ins. Co.*, 334 S.C. 455, 459, 513 S.E.2d 127, 129 (Ct. App. 1999) ("Despite section 38-77-160's omission of the term 'bodily injury,' the repeated references to liability coverage and liability limits convince us the term 'damages' must be construed in accordance with the basic liability coverage statute, section 38-77-140, which focuses on bodily injury damages. We must read these statutes together. The term 'damages' in section 38-77-160 means bodily injury or property damage because it references liability coverage, which in turn explicitly limits coverage to bodily injury. Such a construction accords with the statute's declared purpose." (citation omitted)).

[2] *See Bardsley v. Gov't Emps. Ins. Co.*, 405 S.C. 68, 77, 747 S.E.2d 436, 441 (2013) ("UIM property damage coverage is not statutorily mandated[.]"); *Carter v. Standard Fire Ins. Co.*, 406 S.C. 609, 621-22, 753 S.E.2d, 515, 521-22 (2013) ("While true, as Standard Fire suggests, we have stated that UIM is not mandatory coverage in the sense that an insured chooses to purchase excess UIM coverage on a vehicle and a specified amount is not required by statute, we have held it is a statutorily required coverage in the sense it is required to be offered." (footnote omitted)); *Nationwide Ins. Co. of Am. v. Knight*, 433 S.C. 371, 380-81, 858 S.E.2d 633, 638 (2021) ("UIM coverage is statutorily required coverage because it must be offered. However, UIM coverage is not mandatory because an insured can choose whether or not to purchase it." (footnote omitted)). During oral argument, the parties devoted substantial time to discussing *Bardsley*. Reading *Bardsley* in light of *Carter* and *Knight*, it is clear all three cases stand for the proposition that UIM coverage is

we have yet to address the specific question of whether the offer must include UIM property damage coverage. We address that question today.

Our analysis necessarily begins with section 38-77-160, which states in pertinent part:

> [Automobile insurance] carriers shall . . . offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured['s] liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute.

S.C. Code Ann. § 38-77-160.

USAA presents two statutory comparisons in support of its position that insurers are not required to offer UIM property damage coverage. First, USAA compares section 38-77-160 and section 38-77-150 (2015). USAA notes that while section 38-77-160 broadly states an insurer must offer UIM coverage "up to the limits of the insured['s] liability coverage[,]" section 38-77-150 mandates <u>uninsured</u> motorist (UM) coverage be provided "within limits which may be no less than the requirements of [liability coverage]" plus an additional $25,000 limit for "injury to or destruction of the property of the insured in any one accident . . . ." USAA claims the specific reference to property damage coverage in section 38-77-150 and the absence of such a reference in section 38-77-160 establish the General Assembly's intent not to require an offer of UIM property damage coverage.

Second, USAA compares the definitions of "underinsured motor vehicle" in subsection 38-77-30(15) and "uninsured motor vehicle" in subsection 38-77-30(14) (2015 & Supp. 2022). USAA notes the definition of "underinsured motor vehicle" references only "bodily injury liability insurance[,]" while the definition of "uninsured motor vehicle" specifically references both "bodily injury liability insurance <u>and</u> property damage liability insurance . . . ." S.C. Code Ann. § 38-77-30(14)-(15) (emphasis added).

_____

statutorily "required" (i.e., the insurer must offer UIM coverage) but not statutorily "mandated" (i.e., the insured need not purchase UIM coverage). In this case, we determine whether the required offer of UIM coverage must include property damage coverage.

We disagree with USAA's analysis. Section 38-77-160 plainly requires an automobile insurer to offer UIM coverage "up to the limits of the insured['s] liability coverage to provide coverage in the event that damages are sustained" in excess of the liability limits carried by an underinsured motorist. (emphasis added). This language brings into play section 38-77-140 (2015). Section 38-77-140 requires an insured to carry liability coverage in the minimum amount of $25,000 per person per accident for bodily injury; the minimum amount of $50,000 for bodily injury for all persons injured in an accident; and the minimum amount of $25,000 for property damage per accident. Because an insurer is required to offer UIM coverage "up to the limits of the insured['s] liability coverage" (section 38-77-160) and because the insured's liability coverage must include property damage coverage (section 38-77-140), the UIM offer must include UIM property damage coverage. It would be absurd to conclude otherwise.

Also, the word "damages" as it is used in section 38-77-160 must be read in conjunction with subsection 38-77-30(4). Subsection 38-77-30(4) plainly states the term "damages," as used in the automobile insurance statutes, "includes both actual and punitive damages." USAA does not dispute that the term "actual damages" includes property damage.

USAA's analysis also fails under a plain reading of section 38-73-470 (2015 & Supp. 2022). In 1997, the General Assembly amended section 38-73-470 to include the following provision: "There is no requirement for an insurer or an agent to offer underinsured motorist coverage at limits less than the statutorily required bodily injury or property damage limits." Act No. 154 § 3, 1997 S.C. Acts 931, 951. As Rafferty argues, there would have been no need for the General Assembly to enact this provision if an insurer was not required to offer UIM property damage coverage.

Finally, if we were to conclude section 38-77-160 is ambiguous, any ambiguity must be construed in favor of coverage. *See Auto Owners Ins. Co. v. Rollison*, 378 S.C. 600, 609, 663 S.E.2d 484, 488 ("All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." (quoting *Broadhurst v. City of Myrtle Beach Election Comm'n*, 342 S.C. 373, 380, 537 S.E.2d 543, 546 (2000))); *Williams v. Gov't Emps. Ins. Co. (GEICO)*, 409 S.C. 586, 599, 762 S.E.2d 705, 712 (2014) ("The purpose of the Motor Vehicle Financial Responsibility Act (MVFRA), contained in Title 56 of the South Carolina Code, is to give greater protection to those injured through the negligent operation of automobiles. . . . Similarly, the stated purpose of the chapter on automobile insurance in Title 38 was to implement

a complete reform of automobile insurance in order to, among other things, make sure every risk meeting certain criteria was entitled to automobile insurance and prevent the evasion of coverage provided for by that chapter."); *Lincoln Gen. Ins. Co. v. Progressive N. Ins. Co.*, 406 S.C. 534, 539, 753 S.E.2d 437, 440 (Ct. App. 2013) ("The purpose of the MVFRA is to give greater protection to those injured through the negligent operation of automobiles."); *Floyd v. Nationwide Mut. Ins. Co.*, 367 S.C. 253, 260, 626 S.E.2d 6, 10 (2005) ("The central purpose of [section 38-77-160] is to provide coverage when the injured party's damages exceed the liability limits of the at-fault motorist. The UIM and UM statutes are remedial in nature and enacted for the benefit of injured persons; therefore, they should be construed liberally to effect the purpose intended by the Legislature." (citation omitted)).

Having held section 38-77-160 requires an insurer to offer UIM property damage coverage, we turn to the certified question; that is, can an insurer limit UIM property damage coverage to the insured's "covered auto"? USAA conceded during oral argument that if an insurer is required to offer UIM property damage coverage, such coverage cannot be limited to the insured's "covered auto." We agree. The statutory definition of "damages" includes "actual damages." S.C. Code Ann. § 38-77-30(4). "Actual damages" include property damage. Section 38-77-160 does not distinguish between damage to a covered automobile and damage to other types of property owned by the insured. Therefore, "damages" include damage to all property owned by the insured. *See In re Decker*, 322 S.C. 215, 219, 471 S.E.2d 462, 463 (1995) ("A statute should be so construed that no word, clause, sentence, provision or part shall be rendered surplusage[] or superfluous . . . .").

## Conclusion

Section 38-77-160 requires an insurer to offer UIM property damage coverage. An insurer cannot limit that coverage to vehicles defined in the policy as "covered autos." Therefore, we answer the certified question "no."

**CERTIFIED QUESTION ANSWERED.**

**BEATTY, C.J., KITTREDGE, FEW, JJ., and Acting Justice John D. Geathers, concur.**