22684

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant v. William E. WANNAMAKER, Individually and as Administrator of the Estate of Janet Lynn Wannamaker, Deceased, and Fannie P. Wannamaker, Respondents.

(354 S. E. (2d) 555)

Supreme Court

*William W. Kehl* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for appellant.*

*Ernest J. Howard* of *Howard, Howard, Francis & Reid,* Greenville, *for respondents.*

Submitted Dec. 12, 1986.

Decided March 16, 1987.

PEEPLES, Acting Associate Justice:

State Farm Mutual Automobile Insurance Company (State Farm) brought a declaratory judgment action to determine if underinsured motorist coverage was available to the respondents under two automobile insurance policies issued to Wannamaker by State Farm, and, if so, whether

the underinsured coverage could be stacked. The parties entered into a stipulation and State Farm moved for summary judgment. The trial court denied the motion and, finding no further material issues of fact in the case, held respondents were entitled to underinsured motorist coverage but were not entitled to stack the coverage. We affirm.

On August 19, 1984, William E. Wannamaker (Wannamaker) received a renewal premium notice accompanied by a nine-page booklet from his insurer, State Farm. He admittedly did not read the booklet. Thereafter, Wannamaker went to his State Farm agent's office to pay the premium to renew his existing policies.

On September 24, 1984, Wannamaker's daughter was killed in a car wreck that did not involve either of his insured vehicles. Wannamaker contends that underinsured motorist coverage should be available notwithstanding the fact that he never contracted to purchase the coverage from State Farm because it was never offered to him. State Farm asserts its policies with Wannamaker do not include underinsured coverage because it effectively offered the coverage which was declined. At issue is whether or not the nine-page booklet constituted an effective offer of underinsured coverage. We find that it did not.

Pursuant to S. C. Code Ann. § 56-9-831 (Supp. 1986), the General Assembly mandated that insurance carriers shall offer underinsured coverage to its policyholders, stating:

> Such carriers [automobile insurance] *shall also offer, at the option of the insured,* underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at fault insured or underinsured motorist (emphasis added).

Construing this statute, this Court held "underinsured motorists coverage in any amount up to the insured's liability coverage *must* be offered to a policyholder." *Garris v. Cincinnati Insurance Company*, 280 S. C. 149, 154, 311 S. E. (2d) 723, 726 (1984). (Emphasis added.) Neither the statute nor any South Carolina case has specified the form or manner in which insurers must offer underinsured motorist

coverage to its policyholders. However, it is clear from the language of the statute that the burden is on the insurer to effectively transmit the offer to the insured.

■ The legislature further required that the insured shall have the option of accepting or rejecting the offer. We hold the statute mandates the insured to be provided with adequate information, and in such a manner, as to allow the insured to make an intelligent decision of whether to accept or reject the coverage. *See Hastings v. United Pacific Ins. Co.*, 318 N. W. (2d) 849 (Minn. 1982); *Cloninger v. National General Ins. Co.*, 109 Ill. (2d) 419, 94 Ill. Dec. 549, 488 N. E. (2d) 548 (1985).

In *Hastings, supra,* the Supreme Court of Minnesota formulated a standard by which to determine whether an insurer has complied with its duty to offer optional coverages. In summation, the standard in *Hastings* provides: (1) the insurer's notification process must be commercially reasonable, whether oral or in writing; (2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told that optional coverages are available for an additional premium.

We find this standard reasonable and expressly adopt it here.

■ Additionally, Wannamaker had a personal meeting with his State Farm agent when he paid the premium and State Farm did not ask Wannamaker about, explain, communicate or in any way offer him underinsured motorist coverage. If the agent had discussed it and made a verbal offer to Wannamaker to purchase, this clearly would have met the statutory burden of providing the insured the option of rejecting or accepting the coverage.

The Minnesota court, in interpreting its statute, which also mandated automobile insurance carriers *"shall offer"* underinsured motorist coverage (emphasis added), concluded the insurer had not made a sufficient offer to the insured to comply with the statute and underinsured motorist coverage was implied by law. It reasoned:

"The message printed on the bottom of the premium notice was, at best, vague. It gave no explanation of the

underinsured motorist coverage and how it differed from uninsured motorist coverage. Respondent in the instant case, stated he only glanced over the message. Thinking it related to uninsured motorist coverage, a coverage included in his policy, he did not carefully scrutinize it. Perhaps in the broadest sense the message constituted an offer. It is, however, far from being a meaningful offer." *Kuchenmeister v. Illinois Farmers Insurance Company*, 310 N. W. (2d) 86, 88 (Minn. 1981).

The State Farm offer was not a meaningful one that would fulfill the mandatory provision of the South Carolina statute and we hold that Wannamaker is entitled to underinsured coverage by operation of law.

The trial judge held, and we agree, that Wannamaker is not entitled to stack his underinsured coverage. Our statute provides:

If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any *one* of the vehicles with the excess or underinsured coverage. Coverage on any other vehicles shall not be added to that coverage. S. C. Code Ann. § 56-9-831 (Supp. 1986). (Emphasis added.)

Wannamaker's two policies each had limits of liability coverage of $50,000/$100,000/$25,000. While underinsured coverage in amounts not exceeding the basic limits of $15,000/$30,000/$5,000 on each vehicle under an insurance policy can generally be stacked, *Garris*, 311 S. E. (2d) 723, the present case is one clearly excluded by the statute since none of the insured's vehicles were involved in the wreck.

Accordingly, the judgment below is

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.