342

23658

Julius G. LOPEZ, Personal Representative of the Estate of Elsie H. Lopez, Petitioner v. NATIONAL GENERAL INSURANCE COMPANY, Respondent.

(417 S.E. (2d) 864)

Supreme Court

*G. Thomas Cooper, Jr.* and *William S. Coleman, Jr.*, both of *Cooper, Beard & Dibble,* Camden and *James B. Richardson, Jr., Svalina, Richardson & Smith,* Columbia, *for petitioner.*

*Rebecca Laffitte* and *C. Mitchell Brown,* both of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent.*

Heard Oct, 8, 1991.

Decided May 11, 1992.

FINNEY, Justice:

This Court granted certiorari to review the Court of Appeals' decision in *Lopez v. National General Ins. Co.,* Op. No. 91-UP-058 (S.C. Ct. App. filed March 20, 1991). The Court of Appeals affirmed the ruling of the circuit court, declining to consider the case on its merit based upon its finding that the issue on appeal was neither raised nor ruled upon in the circuit court. The circuit court found that respondent National General Insurance Company (National) made a meaningful offer of underinsured motorist coverage to its policyholders, appellant Julius G. Lopez and his decedent. We reverse the ruling of the Court of Appeals and the finding of the circuit court, respectively, and remand for reformation of the policy of insurance.

Appellant's wife, Elsie H. Lopez, died as a result of injuries sustained in an automobile accident involving a third party, who admitted fault. The third party offered settlement to the full extent of his minimum limits liability insurance coverage. National refused to make payment under the underinsured motorist provision of it policy, claiming the policyholders declined to purchase such coverage after the company had made a meaningful offer. National's offer was enclosed with several other inserts in the same envelope containing the insureds' renewal premium notice. It is undisputed that one of the inserts offered and defined underinsured motorist coverage.

Appellant commenced this declaratory judgment action

seeking reformation of his policy of insurance on the ground that they failed to read the inserts and make an informed decision because they were not sufficiently made aware of the presence or the importance of the inserts. The trial court denied declaratory relief and entered judgment for National based upon its finding that National's offer was commercially reasonable, and, therefore, constituted a meaningful offer. Appellant presented the following question on appeal:

> Should the circuit court have found that respondent's automobile liability premium renewal notice was insufficient to adequately alert its policyholder, Elsie H. Lopez, that the accompanying insert would provide information regarding underinsured motor vehicle coverage so she could make an intelligent decision to select or not select such coverage?

Citing *Dibble v. Thomas*, 301 S.C. 314, 391 S.E.(2d) 729 ■ (Ct. App. 1990), the Court of Appeals found that this issue was not properly raised and preserved in the circuit court, and that appellant failed to raise issues of error in his exceptions. The record reflects that appellant's exceptions are as follows:

1. The circuit court erred in finding that respondent National General's premium renewal notice and accompanying insert constituted a meaningful and sufficient offer of underinsured motorist coverage as required by the statutory and case law of the State of South Carolina.
2. The circuit court erred in finding that respondent National General's premium renewal notice intelligibly advised Elsie H. Lopez about the nature of the underinsured motorist coverage being offered.
3. The circuit court erred in denying appellant's request for a declaratory judgment requiring respondent National General to provide underinsured motorist coverage for the accident in which Elsie H. Lopez was killed.

The initial determination for this Court on review is whether the issue presented on appeal was properly raised and preserved.

> Each exception must contain a concise statement of one proposition of law or fact . . . Each exception must contain within itself a complete assignment of error . . .

S.C. Supreme Court Rule 4 § 6.

Although appellant's exceptions do not indicate the standard required to constitute a sufficient offer of underinsured motorist coverage, we find that the trial judge's ruling on the adequacy of the premium notice and insert is sufficiently questioned. We conclude that the exceptions articulate reasonably concise errors of law and are adequate to put the respondent on notice of the issues upon which appellant based his appeal. Hence, this Court finds appellant's exceptions to be adequate under the provisions of Rule 4.

Additionally, the record reveals that the issue raised on appeal was properly raised and ruled upon in the circuit court. During direct and cross examinations of Pat Cusimano, an employee of National, questions concerning the procedure used to make a meaningful offer of underinsured coverage were proffered and answered. Also, the issue of the sufficiency of the notice was raised in discussions between the trial judge and appellant's counsel. Continuing the dialogue, the trial judge asked appellant's counsel if he was asserting that even if the notice was sent, it was insufficient; to which counsel replied that indeed such was his assertion. Counsel subsequently argued that there must be evidence the insured received notice. Finally, counsel indicated that he had a problem with the fact that there was no evidence that Lopez "received anything, knew anything, was advised or anything." We find that the issue raised in this discussion is the same issue projected on appeal.

Moreover, this issue was addressed in the findings of fact of the trial court's final order when it found that "the form marked Exhibit A was mailed by National General and received by the insureds; that this notification of the availability of underinsured motorist coverage was commercially reasonable . . ." It was upon these findings of fact that the court's final decision was made. We conclude that throughout the proceedings, the issue remained whether there was a meaningful offer and that the preservation of this argument is sufficient to raise the issue on appeal.

Based upon the foregoing, this Court reverses the finding of the Court of Appeal and holds that the issue of whether or not National extended to the appellant a meaningful offer of underinsured motorist coverage was raised, ruled upon, preserved and is properly before the appellate court.

In the interest of judicial efficiency, this Court elects to proceed with a review of the case.

Citing *Hastings v. United Pacific Ins. Co.*, 318 N.W. (2d) 849 (Minn. 1982), this Court enunciated the following four-prong test for consideration in determining whether a meaningful offer of underinsured motorist coverage has been made.

1. The insurer's notification must be commercially reasonable.
2. The insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms.
3. The insurer must intelligibly advise the insured of the nature of the optional coverage, and
4. The insured must be told that optional coverages are available for an additional premium.

*State Farm Mut. Auto. Ins. Co. v. Wannamaker*, 291 S.C. 518, 354 S.E. (2d) 555 (1987).

The trial court ruled that all prongs of the test had been met. The appellant contends they were not intelligibly advised of the nature of the coverage so that they could make an informed decision; therefore, the trial court erred in holding that National had satisfied the requirement of the third prong.

Our Court of Appeals in *Dewart v. State Farm Mut. Auto. Ins. Co.*, 296 S.C. 150, 155, 370 S.E. (2d) 915, 918 (Ct. App. 1988), held that when critical information is contained in separate documents enclosed in the same mailing, one must alert attention to the other. Otherwise, the insurer would fail to inform the insured of the importance of additional inserts, which could be dismissed as "junk mail." In *Dewart* the insurer enclosed with its premium renewal notice a three-page insert entitled "Important Information . . ." which purported to explain and offer underinsured motorist coverage. The *Dewart* Court stated:

. . . [B]y splitting the information into separate documents without alerting the insured, State Farm conveyed the offer in a manner likely to keep the insured from finding an important explanation needed to understand it and make an informed decision. This alone was sufficient to fail the *Wannamaker* test.

Although the renewal notice mailed by National referred to uninsured and underinsured coverage, there was nothing to alert the insureds that the explanatory insert was enclosed with the notice. Additionally, the renewal notice contained a reference to an increase in coverage, which could be construed as underinsured coverage. Under prevailing South Carolina law, we hold that National failed to satisfy the third prong of the test for a meaningful offer of coverage.

Based upon the record before us, we find that the automobile liability premium renewal notice National mailed was not sufficient to adequately alert the appellant and his decedent that the accompanying insert would provide information regarding underinsured motor vehicle coverage so that they could make an intelligent decision to select or not select such coverage.

Accordingly, the finding of the Court of Appeals is reversed, and we hold that this case is properly before the appellate court. Upon review, this Court concludes that National failed to make a meaningful offer of underinsured motorist coverage to its insureds. Hence, the ruling of the circuit court is reversed; and the case is remanded with directions to reform the petitioner's policy to afford underinsured motorist coverage up to the limits of the policy's liability coverage.

Reversed and Remanded.

HARWELL, C.J., and CHANDLER and TOAL, JJ., concur.

JASPER M. CURETON, Acting Associate Justice, concurs in result only.