THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Cincinnati Insurance Company,       
Respondent,
 
 
 

v.

 
 
 
Allstate Insurance Company and Louis Donaldson,       
Defendants,
of whom Louis Donaldson is       
Appellant.
 
 
 

Appeal From Bamberg County
Rodney A. Peeples, Circuit Court Judge

Unpublished Opinion No. 2003-UP-711 
Heard June 11, 2003  Filed December 9, 2003 

AFFIRMED

 
 
 
Robert L. Buchanan, Jr., of Aiken, for Appellant
Everett A. Kendall, II and Mark S. Barrow, both of Columbia, 
 for Respondent.
 
 
 

PER CURIAM:  Cincinnati Insurance Company 
 (Cincinnati) brought this declaratory judgment action against Louis Donaldson, 
 among others, to determine whether its policy provided underinsured motorist 
 (UIM) coverage to Donaldson and in what amount.  The parties stipulated to a 
 bench trial without oral argument, which resulted in a judgment for Cincinnati.  
 Donaldson appeals, arguing (1) where an insurer fails to use a South Carolina 
 Offer of Optional Additional Uninsured and Underinsured Automobile Insurance 
 Coverages form as required under S.C. Code Ann. § 38-77-350(A) (Supp. 2002), 
 the offer is automatically invalid, (2) evidence of oral negotiations can not 
 be used to prove a meaningful offer pursuant to S.C. Code Ann. § 38-77-160 (Supp. 
 2002); and (3) Cincinnati did not make a meaningful offer of UIM coverage pursuant 
 to S.C. Code Ann. § 38-77-160 (Supp. 2002).  We affirm.
FACTS/PROCEDURAL 
 HISTORY
Louis Donaldson was injured in an automobile wreck 
 on December 10, 1997.  At the time, he was driving a van owned by Ryder Transportation 
 Services and leased to Major Printing, Inc., d/b/a Quality Printing (Quality).  
 Donaldson was driving the van in the course and scope of his employment with 
 Quality.
The van was insured for Quality by Cincinnati Insurance 
 Company (Cincinnati).  The policy insured the van for liability in the amount 
 of $1,000,000.00. The policy also provided UIM coverage and uninsured motorist 
 coverage in the amount of $300,000.  
Cincinnati brought this action to determine 
 whether its policy provided UIM coverage to Donaldson and in what amount.  Cincinnati 
 stipulated that its policy provided $300,000.00 in UIM coverage. However, Donaldson 
 claimed the policy should be reformed to provide UIM coverage equal to the liability 
 coverage of $1,000,000.00 because there was no meaningful offer.
The parties filed cross-motions for summary judgment.  
 Cincinnati included an affidavit from Paul Eaddy, the insurance agent who negotiated 
 the contract for Cincinnati.  In the affidavit, Eaddy stated:

 
 I explained the Offer of Underinsured Motorist 
 Coverage section of the insurance policy to Dorothy Roe in a thorough and detailed 
 manner.
 
 
 In those discussions, I offered a number of options 
 of additional [UIM] coverage at different increased premiums up to the limits 
 of the liability coverage carried by [Quality] under its automobile insurance 
 policy.
 
 
 Based upon (1) my thorough and detailed explanation 
 of the Offer of Underinsured Motorist Coverage section of the insurance policy, 
 including the fact that any number of additional limits of underinsured coverage 
 could be selected up to the limits of the liability coverage carried by [Quality] 
 under its automobile insurance policy; and (2) my offer of additional limits 
 of [UIM] coverage for increased premiums up to the limits of the liability coverage 
 carried by [Quality] under its automobile insurance policy, Dorothy Roe selected 
 $300,000.00 as the additional [UIM] coverage that [Quality] would purchase.

Additionally, Cincinnati submitted the affidavit 
 of Dorothy Roe, an employee of Quality who negotiated the policy with Eaddy.  
 In her affidavit, Roe stated, in pertinent part:

 
 Paul Eaddy, the insurance agent for [Quality], and 
 I discussed the Offer of Underinsured Motorist Coverage section of the policy 
 in a thorough and detailed manner.
 
 
 In those discussions, Paul Eaddy offered a number 
 of options of additional [UIM] coverage at different increased premiums up to 
 the limits of the liability coverage carried by [Quality] under its automobile 
 insurance policy.
 
 
 Based upon my discussions with Paul Eaddy
 regarding 
 the increased premiums that corresponded with additional limits of [UIM] coverage 
 and my knowledge that I could select any number of additional limits of [UIM] 
 coverage up to the limits of the liability coverage carried by [Quality] under 
 its automobile insurance [policy], I selected $300,000.00 as the additional 
 underinsured motorist coverage that [Quality] would purchase.

The South Carolina Offer of Optional Additional 
 Uninsured and Underinsured Automobile Insurance Coverages form required by § 
 38-77-350(A)  (Supp. 2002) and provided by Cincinnati was also submitted.  The 
 form omitted the range of additional premiums that would be charged for the 
 UIM limits specified.  Otherwise, the form was complete.
At the stipulation of both parties, the 
 trial court conducted a bench trial reviewing their submitted evidence but without 
 oral argument.  The trial court determined the Cincinnati failed to complete 
 the required form because it had not included the range of premiums available, 
 but that its failure was not fatal to the issue of whether Cincinnati made a 
 meaningful offer.  Based on the affidavits of Eaddy and Roe, the judge found 
 that Cincinnati provided the required information orally, and therefore, made 
 a meaningful offer of UIM coverage. This appeal follows.
STANDARD OF REVIEW
Whether an insureds offer of optional UIM coverage is sufficiently 
 meaningful to satisfy the requirements of S.C. Code Ann. § 38-77-160 (Supp. 
 2002) is a question of law for the court.  See Antley v. Nobel Ins. 
 Co., 350 S.C. 621, 632, 567 S.E.2d 872, 878 (Ct. App. 2002).  In an action 
 at law, on appeal of a case tried without a jury, the findings of fact of the 
 judge will not be disturbed upon appeal unless found to be without evidence 
 which reasonably supports the judges findings.  Townes Associates, Ltd. 
 v. City of Greenville, 266 S.C. 81, 221 S.E.2d 773, 775 (1976).  In other 
 words, the judges findings are equivalent to a jurys findings in a law action.  
 Id.  This rule applies whether the judges findings are made with or 
 without a reference to a master-in-equity or special referee.  Id.
LAW/ANALYSIS
Donaldson initially argues that 
 the vehicle involved in the accident was not covered at all because it was leased 
 not owned by Quality Printing, since the policy excluded non-owned vehicles. 
 However, Cincinnati has stipulated that its policy provided at least $300,000 
 in UIM coverage on the vehicle. And the vehicle in question was explicitly listed 
 on the automobile schedule Quality Printings business auto policy with Cincinnati. 
 Therefore, the general language excluding the vehicle is ineffective. 
Donaldson also argues that Cincinnati failed to make 
 a meaningful offer of UIM insurance because the offer was not in writing.  We 
 disagree. South Carolina law requires automobile insurance carriers offer at 
 the option of the insured, [UIM] coverage up to the limits of the insured liability 
 coverage .  S.C. Code Ann. § 38-77-160 (Supp. 2000). Such an offer must be 
 meaningful. State Farm Mut. Auto. Ins. Co. v. Wannamaker, 291 S.C. 518, 
 522, 354 S.E.2d 555, 557 (1987). A meaningful offer of UIM insurance exists 
 where (1) the insurers notification process is commercially reasonable, whether 
 oral or in writing;  (2) the insurer specifies the limits of optional coverage 
 and not merely offer additional coverage in general terms; (3) the insurer intelligibly 
 advises the insured of the nature of the optional coverage; and (4) the insurer 
 tells the insured that the optional coverage is available for an additional 
 premium.  Id. at 521, 354 S.E.2d at 556. An oral offer, therefore, can 
 be meaningful. In the present matter, affidavits of Eaddy and Roe support the 
 trial courts finding that the parties knew of the available limits and premiums, 
 knew other options were available, and elected the $300,000 limit.  This evidence 
 reasonably supports the trial courts finding that Cincinnati made an offer 
 for optional UIM coverage, part written and part orally, that was sufficiently 
 meaningful to satisfy the requirements of S.C. Code Ann. § 38-77-160 (Supp. 
 2002).
S.C. Code Ann. § 38-77-350(A)  (Supp. 2002) does 
 require that all insurers use a form in offering optional coverages required 
 to be offered pursuant to law to applicants for automobile insurance policies. 
 The form must be used to make an offer of optional insurance to all new applicants.  
 Id.  Among other things, it must provide a list of available limits and 
 the range of premiums for the limits.  S.C. Code Ann. § 38-77-350(A)(2)  (Supp. 
 2002).  The statute further provides:

 [i]f this form is properly completed and executed by the 
 named insured it is conclusively presumed that there was an informed, knowing 
 selection of coverage and neither the insurance company nor any insurance agent 
 has any liability to the named insured or any other insured under the policy 
 for the insureds failure to purchase any optional coverage or higher limits.

S.C. Code Ann. § 38-77-350(B)  (Supp. 2002).  An 
 insurer who uses a properly executed and approved offer form that minimally 
 complies with S.C. Code Ann. § 38-77-350 (2002) enjoys a conclusive presumption 
 that there was an informed, knowing selection of coverage.  Antley v. Nobel 
 Ins. Co., 350 S.C. 621, 632, 567 S.E.2d 872, 878 (Ct. App. 2002).
Here, Cincinnatis form clearly failed to include 
 the range or premiums available, as required by subsection (A)(2).  Thus, the 
 form did not comply with the statute, and Cincinnati does not enjoy the statutory 
 presumption that it made a meaningful offer.  However, the failure to comply 
 with the form requirement does not preclude a meaningful offer. As discussed 
 earlier, the evidence in the record is sufficient to support the trial courts 
 finding that Cincinnati made a meaningful offer. 
CONCLUSION
For the forgoing reasons, the decision of the circuit 
 court is
AFFIRMED.
HOWARD and BEATTY, JJ., and JEFFERSON, A.J., concur.