590 S.E.2d 514

Roy McDOWELL, Appellant,

v.

TRAVELERS PROPERTY & CASUALTY COMPANY, and
Travelers Indemnity Company of Illinois, Respondents.

No. 3718.

Court of Appeals of South Carolina.

Heard Oct. 7, 2003.

Decided Dec. 22, 2003.

Rehearing Denied Jan. 22, 2004.

James C. Spears, Jr., of Spartanburg, for Appellant.

Robert D. Moseley, Jr., of Greenville, for Respondents.

HOWARD, J.:

Roy McDowell was injured in a motor vehicle collision while driving a tractor-trailer owned by his employer, Goodyear Tire & Rubber Company ("Goodyear") and insured by Travelers Property & Casualty Company and Travelers Indemnity Company of Illinois (collectively "Travelers"). McDowell brought this declaratory judgment action against Travelers seeking to reform the insurance contract, alleging Travelers failed to make a meaningful offer of underinsured motorist ("UIM") coverage to Goodyear. The circuit court granted summary judgment to Travelers, concluding, under any view of the evidence, a meaningful offer of UIM coverage was made to and knowingly rejected by Goodyear. McDowell appeals, arguing the circuit court erred in granting summary judgment to Travelers. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

McDowell's suit arises from a traffic accident in which he received injuries rendering him totally and permanently disabled. At the time of the accident, McDowell was operating a tractor-trailer owned by Goodyear.

The insurance company for the at-fault driver paid McDowell $49,000. Because McDowell alleged damages exceeding this amount, McDowell sought to recover UIM coverage under Goodyear's policy with Travelers. Travelers denied the claim, alleging Goodyear had rejected UIM coverage. McDowell then brought this declaratory judgment action, alleging Travelers failed to make a meaningful offer of UIM coverage to its insured, and thus, the policy should be reformed to provide UIM coverage in the amount of the liability limits of the policy.

Travelers moved for summary judgment, arguing it made a meaningful offer of UIM coverage pursuant to both South Carolina Code Annotated section 38–77–350(A) (Supp.2002) and *State Farm Mut. Auto. Ins. Co. v. Wannamaker*, 291 S.C. 518, 521, 354 S.E.2d 555, 556 (1987).

In granting summary judgment to Travelers, the circuit court held Travelers made a meaningful offer of UIM coverage which Goodyear rejected. McDowell appeals.

## STANDARD OF REVIEW

"Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP; *South Carolina Prop. and Cas. Guar. Assoc. v. Yensen*, 345 S.C. 512, 518, 548 S.E.2d 880, 883 (Ct.App.2001). To determine whether any material fact exists, "the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party." *Yensen*, 345 S.C. at 518, 548 S.E.2d at 883. "Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law." *Id.* "An appellate court reviews the granting of summary judgment under the same standard applied by the trial court." *Id.*

## LAW/ANALYSIS

McDowell argues the circuit court erred by holding Travelers made a meaningful offer of UIM coverage as required by South Carolina Code Annotated section 38–77–160 (Supp. 2002). McDowell contends Travelers' failure to list the range of premiums for the available limits on its form offering UIM coverage to Goodyear, as is required in section 38–77–350(A), required reformation of the policy to include UIM coverage in the amount of the liability limits. Although we agree Travelers did not meet the requirements of section 38–77–350(A), we disagree with McDowell's assertion that this alone denotes failure to make a meaningful offer warranting reformation of the policy. Furthermore, viewing the evidence in a light most favorable to McDowell, we find the circuit court correctly held Travelers made a meaningful offer of UIM coverage to Goodyear, which Goodyear rejected.

South Carolina law requires automobile insurance carriers to offer "at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist." S.C.Code Ann. § 38–77–160 (Supp.2002). "If the insurer fails to comply with its statutory duty to make a meaningful offer to the insured, the

policy will be reformed, by operation of law, to include UIM coverage up to the limits of liability insurance carried by the insured." *Butler v. Unisun,* 323 S.C. 402, 405, 475 S.E.2d 758, 760 (1996). When an insurer fails to make a meaningful offer, the insured is entitled to reform the policy to reflect coverage in an amount equal to the liability limits on the insured's policy. *Todd v. Federated Mut. Ins. Co.,* 305 S.C. 395, 399, 409 S.E.2d 361, 364 (1991).

All insurers must complete a form approved by the insurance commissioner when making the required offer of optional coverage to applicants for automobile insurance policies. S.C.Code Ann. § 38–77–350(A) (Supp.2002). The form must include:

(1) a brief and concise explanation of the coverage,

*(2) a list of available limits and the range of premiums for the limits,*

(3) a space for the insured to mark whether the insured chooses to accept or reject the coverage and a space for the insured to select the limits of coverage he desires,

(4) a space for the insured to sign the form which acknowledges that he has been offered the optional coverages,

(5) the mailing address and telephone number of the Insurance Department which the applicant may contact if the applicant has any questions that the insurance agent is unable to answer.

*Id.* (emphasis added). The statute further provides:

If this form is properly completed and executed by the named insured it is conclusively presumed that there was an informed, knowing selection of coverage and neither the insurance company nor any insurance agent has any liability to the named insured or any other insured under the policy for the insured's failure to purchase any optional coverage or higher limits.

S.C.Code Ann. § 38–77–350(B) (Supp.2002). Therefore, an insurer who uses a properly executed offer form that complies with section 38–77–350(A) enjoys a conclusive presumption a meaningful offer was made. *Id.; Antley v. Nobel Ins. Co.,* 350 S.C. 621, 632, 567 S.E.2d 872, 878 (Ct.App.2002). However, the insurer may not benefit from the protections of section 38–

77–350(B) if the form does not comply with the statute. *Osborne v. Allstate Ins. Co.*, 319 S.C. 479, 486, 462 S.E.2d 291, 295 (Ct.App.1995).

To avoid the necessity of having to comply with the array of self-insurance requirements from state to state, Goodyear entered into a contract with Travelers whereby Travelers issued certificates of insurance allowing Goodyear to comply with the insurance regulations of the various states in which it operated while remaining ultimately liable for one-hundred percent of the claims paid. Under this contract, Goodyear pays Travelers an administrative fee and reimburses Travelers one-hundred percent of the amount paid in adjusting its claims during the policy period. In essence, the contract serves as a pass-through accounting mechanism to assist Goodyear in its claims management process.[1]

When Travelers and Goodyear signed this contract, Travelers provided a form offering UIM coverage to Goodyear. The form included an explanation of UIM insurance, ranges of limits, and instructions for seeking limits not shown. The form had blanks for listing premium amounts for the various limits. Travelers did not fill in these blanks as required by subsection (A)(2). Thus, the form did not comply with the statute and Travelers does not enjoy the statutory presumption that it made a meaningful offer of UIM. *See* S.C.Code Ann. § 38–77–350(B); *Antley,* 350 S.C. at 632, 567 S.E.2d at 878. However, failing to comply with the statute does not necessarily require reformation of the policy. Rather, the insurer bears the burden of establishing it made a meaningful offer of UIM pursuant to section 38–77–160 and *Wannamaker. See Butler,* 323 S.C. at 405, 475 S.E.2d at 760 (holding the insurer has the initial burden of proving that a meaningful offer of optional coverage had been made to the insured.); *Antley,* 350 S.C. at 632, 567 S.E.2d at 878 (The

---

1. This arrangement allowed Goodyear to meet these various state insurance requirements without qualifying as self-insured in each state by reporting Travelers as its insurer. However, in rendering summary judgment, the circuit court concluded the contractual arrangement between Travelers and Goodyear did not constitute an insurance policy because there was no transfer of risk to Travelers. On appeal, McDowell contends the circuit court erred by reaching this conclusion. Because we hold a meaningful offer was made in any event, we need not address this issue.

burden of proving a meaningful offer of optional coverage was made rests with the insurer.).

■ Our Supreme Court has adopted a four-part test to determine whether an insurer's offer of optional UIM coverage is sufficiently meaningful to satisfy the requirements of section 38–77–160. To constitute a meaningful offer of UIM coverage, "(1) the insurer's notification process must be commercially reasonable, whether oral or in writing; (2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told that optional coverages are available for an additional premium." *Wannamaker*, 291 S.C. at 521, 354 S.E.2d at 556.

■ McDowell's only contention under the *Wannamaker* analysis is that Travelers failed to provide the premium amounts for the optional UIM coverage. Although the offer form contained no premium amounts in the blanks provided, the contractual agreement between Goodyear and Travelers includes a detailed formula for calculating the premium for UIM coverage. Both Goodyear and Travelers contend under this mathematical formula the premiums were readily ascertainable because the amount paid by Goodyear would have been equal to the amount of the claims Travelers paid for underinsured motorist benefits on Goodyear's behalf, together with an administrative fee.

Eldrich Carr, Goodyear's Global Risk Manager responsible for ensuring Goodyear's company vehicles comply with state insurance requirements, averred he is experienced in matters dealing with liability, UIM coverage, and other types of vehicle insurance, and is fully aware of the nature and purpose of UIM coverage. In his affidavit, Carr acknowledged that any premium for UIM coverage quoted on the UIM offer form would necessarily be zero because the premium is equivalent to one-hundred percent of the claims paid during the period of the contract. Therefore, Carr stated Goodyear was fully aware of the costs of the coverage and the available amounts, and thus, "Goodyear made a knowing and informed decision in rejecting underinsured motorist coverage." Carr further explained Goodyear elected not to obtain UIM coverage in South

Carolina because Goodyear provides workers' compensation and other benefits for employees injured on the job. Essentially, Goodyear viewed UIM coverage as an additional employee benefit it did not want to provide.

The arrangement between Goodyear and Travelers clearly demonstrates Goodyear understood the limits of optional coverage and the costs associated therewith, as required by *Wannamaker*. Therefore, the circuit court did not err by granting summary judgment.

## CONCLUSION

Although Travelers' offer failed to meet the requirements of section 38–77–350(A) and Travelers is not entitled to the statutory presumption that a meaningful offer was made, Carr's uncontroverted affidavit on behalf of Goodyear affirming a meaningful offer was made and acknowledging Goodyear made a knowing and informed decision to reject UIM coverage conclusively satisfies Travelers' burden of proof.

Therefore, the decision of the circuit court is

**AFFIRMED.**

STILWELL and KITTREDGE, JJ., concur.