THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Eugene Edward Nolan, as Personal Representative of the Estate of
 John William Nolan, Appellant,
 
 
 
 

v.

 
 
 
 Progressive Northern Insurance Company and Progressive Casualty
 Insurance Company, Respondents.
 
 
 
 

Appeal From Sumter County
Clifton Newman, Circuit Court Judge

Memorandum Opinion No.  2010-MO-016
Heard June 9, 2010  Filed July 19, 2010

AFFIRMED

 
 
 
 John Richard Moorman, of Bryan Law Firm, of Sumter, for Appellant.
 J. R. Murphy and Ashley B. Stratton, of Murphy & Grantland, of
 Columbia, for Respondents.
 
 
 

          PER
 CURIAM:  Petitioner Eugene Edward Nolan, as personal representative of the
 estate of John William Nolan, appeals from the circuit court's order granting
 summary judgment in favor of Respondents with respect to the issue of whether a
 meaningful offer of underinsured motorist coverage ("UIM") was made to
 Nolan.  We affirm pursuant to Rule
 220(b)(1), SCACR and the following authorities:  S.C. Code Ann. § 38-77-160
 (2002) (requiring automobile insurance
 carriers to offer UIM coverage up to the limits of the insured's liability
 coverage); Butler v. Unisun Ins. Co., 323 S.C. 402, 405, 475 S.E.2d 758,
 760 (1996) (stating if the insurer fails to comply with its duty to make a
 meaningful offer, the policy will be reformed by operation of law to include
 UIM coverage up to the limits of liability insurance carried by the insured);
 S.C. Code Ann. § 38-77-350(C) (2002) ("An automobile insurer is not
 required to make a new offer of coverage on any automobile insurance policy
 which renews, extends, changes, supersedes, or replaces an existing
 policy."); Floyd v. Nationwide Mut. Ins. Co., 367 S.C. 253, 264,
 626 S.E.2d 6, 12 (2005) (holding where the insurer is not entitled to the
 statutory presumption that a meaningful offer of UIM coverage was made, the
 insurer can still demonstrate that a meaningful offer of UIM coverage was made
 to the insured under the test established in State Farm Mut. Auto. Ins. Co.
 v. Wannamaker, 291 S.C. 518, 354 S.E.2d 555 (1987));  Wannamaker,
 291 S.C. at 521, 354 S.E.2d at 556 (establishing the following test to
 determine whether the insurer made a meaningful offer of UIM coverage to the
 insured:  (1) the insurer's notification process must be commercially
 reasonable, whether oral or in writing; (2) the insurer must specify the limits
 of optional coverage and not merely offer additional coverage in general terms;
 (3) the insurer must intelligibly advise the insured of the nature of the
 optional coverage; and (4) the insured must be told that optional coverages are
 available for an additional premium); Elrod v. All, 243 S.C. 425, 436,
 134 S.E.2d 410, 416 (1964) (stating a party is bound by his or her pleadings). 
AFFIRMED.
TOAL, C.J.,
 BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur.