THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Donnie Ray
 Hamm, Respondent,
 v.
 Travelers Property
 Casualty Company of America, State Farm Mutual Automobile Insurance Company,
 and Kay V. Daily, Defendants,
 Of Whom
 Travelers Property Casualty Company of America is Appellant,
 and
 State Farm
 Mutual Automobile Insurance Company is also Respondent.
 
 
 

Appeal From Anderson County
 Alexander S. Macaulay, Circuit Court
 Judge
Unpublished Opinion No.  2010-UP-417
Submitted April 1, 2010  Filed September
 20, 2010
REVERSED

 
 
 
 William P. Davis, of Columbia, for Appellant.
 John M. O'Rourke, of Anderson, and John P. Riordan, of Greenville,
 for Respondent.
 
 
 

PER CURIAM: Travelers Property Casualty Company of America
 (Travelers) appeals the order of the circuit court granting summary judgment in
 favor of Donnie Ray Hamm and reforming his employer's insurance policy to
 include underinsured motorist (UIM) coverage.  Specifically, the circuit court
 found Travelers failed to make a meaningful offer of UIM coverage because the
 renewal form did not list the premiums for each additional coverage amount. 
 Travelers argues on appeal that the lower court erred in granting summary
 judgment because (1) State Farm Mutual Auto Insurance Co. v. Wannamaker,
 291 S.C. 518, 354 S.E.2d 555 (1987) does not require premium amounts for the
 various options of UIM coverage limits to be included on the offer form to
 constitute a meaningful offer; (2) Hamm's employer, NationsRent, Inc.,
 understood the nature of UIM coverage and intended to reject the offer
 regardless of the missing premiums on the form; and (3) the absence of the
 premium amounts is irrelevant because the offer would have been rejected
 regardless.  
This
 Court granted Traveler's motion to hold the opinion in abeyance pending a
 decision by the South Carolina Supreme Court in Grinnell Corp. v. Wood,
 378 S.C. 458, 663 S.E.2d 61 (Ct. App. 2008).[1] 
 We reverse[2] pursuant to Rule 220(b)(2), SCACR, and the following authorities: Grinnell
 Corp. v. Wood, Op. No. 26869 (S.C. Sup. Ct. filed Aug. 16, 2010) (Shearouse
 Adv. Sh. No. 33 at 66) (holding a meaningful offer was made where risk manager
 knew his options with respect to additional UM and UIM coverage and knowingly
 declined the offer despite the form being insufficient because to hold
 otherwise would create an absurd result); Ray v. Austin, Op. No. 26858
 (S.C. Sup. Ct. filed Aug. 16, 2010) (Shearouse Adv. Sh. No. 32 at 37) (stating
 that if the court were to find that the insurer failed to make a meaningful
 offer of UIM coverage because it failed to offer coverage in more specific
 terms, this would create an absurd result of reforming the insurance policy and
 giving the insured coverage it understood, did not want, and clearly rejected); Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518
 S.E.2d 591, 598 (1999) ("appellate court need not address remaining
 issues when disposition of prior issue is dispositive").  
REVERSED.
PIEPER, GEATHERS, JJ., and CURETON, A.J., concur.

[1] Before we
 issued the opinion herein, both parties were allowed an opportunity to brief
 the applicability of Grinnell Corp. v. Wood, Op. No. 26869 (S.C. Sup.
 Ct. filed Aug. 16, 2010) (Shearouse Adv. Sh. No. 33 at 58).  
[2] We decide this
 case without oral argument pursuant to Rule 215, SCACR.