THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA

 
 
 
 Donald Lee Goodson, Appellant,
 v.
 GEICO Indemnity Company, Respondent.
 
 
 

Appeal From Richland County
 J. Michelle Childs, Circuit Court Judge

Unpublished Opinion No.  2011-UP-376 
 Submitted June 1, 2011  Filed July 25,
2011

AFFIRMED

 
 
 
 W. Ralph Garris, of Columbia, for Appellant.
 William H. Bowman, III, of Columbia, for Respondent.
 
 
 

PER CURIAM: Donald
 Lee Goodson appeals an order finding he was not entitled to uninsured motorist
 (UIM) coverage.   We affirm.[1]
Goodson sustained serious injuries when an automobile
 struck the motorcycle he was operating.  The limits of the at-fault driver's
 liability insurance were insufficient to compensate Goodson for his injuries
 and other damages arising from the accident.  
At the time of the accident, Goodson's motorcycle was
 insured by GEICO Indemnity Company under an Indemnity Cycle-Gard Motorcycle
 Policy.  The limits of Goodson's liability coverage were 15/30/10.  Since
 the inception of the policy in March 2003, Goodson never had UIM coverage on
 this policy. 
Goodson sued GEICO for reformation of the policy to
 include UIM coverage, alleging GEICO failed to offer this coverage to him as
 required by section 38-77-160 of the South Carolina Code (2002).  After a
 nonjury trial, the trial court issued an order finding that pursuant to section
 38-77-350(A) of the South Carolina Code (2002 & Supp. 2010), GEICO was
 entitled to a conclusive presumption that it made a meaningful offer of UIM
 coverage to Goodson.  In addition, although the court stated that evidence of
 an insured's knowledge or level of sophistication would not be relevant as a
 determination of whether an offer of UIM coverage was sufficient under section
 38-77-350, it further found that GEICO's offer of UIM coverage provided
 sufficient information for Goodson, considering his level of education and work
 experience, to make an intelligent decision regarding whether or not to
 purchase UIM coverage.  Goodson appeals.
1. The failure to comply strictly with section
 38-77-350(A) when offering UIM coverage does not automatically require judicial
 reformation of the policy to include such coverage.  Grinnell Corp. v. Wood,
 389 S.C. 350, 357, 698 S.E.2d 796, 799 (2010).  "Rather, even where an
 [insurer] is not entitled to the presumption that it made a meaningful offer,
 it may prove the sufficiency of its offer by showing that it complied with Wannamaker."[2]  Id. at 357, 698 S.E.2d
 799-800.
2. We hold the
 offer of UIM coverage at issue here satisfied the Wannamaker requirements,
 namely that (1) the insurer's notification process be commercially reasonable,
 (2) the insurer specify the limits of optional coverage and not merely offer
 additional coverage in general terms, (3) the insurer intelligibly advise the
 insured of the nature of the optional coverage, and (4) the insured be told
 that optional coverages are available for an additional premium.  State Farm
 Mut. Auto. Ins. Co. v. Wannamaker, 291 S.C. 518, 521, 354 S.E.2d 555, 556
 (1987)
Goodson
 concedes GEICO satisfied the first two prongs of the Wannamaker test. 
 As to whether GEICO "intelligibly advised" Goodson of the nature of
 optional coverage, the offer form contains a brief summary of the nature of UIM
 coverage, including who would be able to recover, the circumstances under which
 coverage would be available, and the extent of coverage.  It further advises
 that if the insured rejects any of the offered coverages, including UIM
 coverage, the form may be used by GEICO against the insured in the event the
 insured seeks this coverage at a later time.  The form also provides GEICO's
 toll-free telephone number, informs insureds that they may also contact the
 South Carolina Department of Insurance with questions, and gives contact
 information for the Department, including both its mailing and e-mail addresses
 and local and toll-free telephone numbers.   On the final page of the offer
 form appears a printed acknowledgement by which the insured, in signing the
 form, attests to the fact that GEICO has communicated the necessary information
 to enable the insured to make an intelligent decision regarding the various
 coverages offered.  We therefore hold GEICO "intelligibly advised"
 Goodson of the nature of UIM coverage.  This holding is further supported by the
 fact that it appears undisputed that Goodson personally completed the form and by
 the trial court's findings regarding Goodson's education and level of
 sophistication.  See  Floyd v. Nationwide Mut. Ins. Co., 367 S.C.
 253, 263, 626 S.E.2d 6, 12 (2005) (stating that in requiring the insured to
 personally mark, make selections, and sign the form, "the Legislature
 apparently recognized that an insured person who is required to personally
 complete an offer form inevitably will find it necessary to seek further
 explanation from the insurance agent when he or she is unable to complete the
 form due to a lack of knowledge or understanding of the concepts of UM and UIM
 coverages");[3] Croft v. Old Republic Ins. Co., 365 S.C. 402, 420, 618 S.E.2d 909, 918
 (2005) ("[E]vidence of the insured[']s knowledge or level of
 sophistication is relevant and admissible when analyzing, under Wannamaker,
 whether an insurer intelligibly advised the insured of the nature of the
 optional . . . UIM coverage.").
3. We disagree with
 Goodson's argument that the absence of specific premiums corresponding to the
 listed coverage limits amounts to a failure to satisfy the requirement that an
 insurer, when offering UIM coverage, advise its insureds that optional
 coverages are available for an additional premium.  
As the trial court
 noted, GEICO provided a method by which Goodson could have determined the
 premium for a specific set of coverage limits, namely, he could have called
 GEICO at its customer service telephone number for a quote.  Goodson's only
 challenge to this rationale is that GEICO should not have "put the onus on
 its customer to contact it for specific premiums" because it had the
 necessary information to provide specific quotes for his vehicles given the
 fact that his liability limits were the statutory minimums, and he fails to
 explain why it is unduly burdensome to expect customers to call their insurers
 for specific premiums.  We agree with the trial court that Goodson had the sophistication
 to avail himself of the means provided by GEICO to obtain a precise quote for a
 desired level of UIM coverage.  See Grinnell, 389 S.C. at 357-58,
 698 S.E.2d at 800 ("A meaningful offer of additional UM and UIM [coverage]
 makes as certain as possible that an insured has actual knowledge of his
 options with respect to such coverages and is therefore able to make an
 informed decision with respect to this desired coverage.").
4. Because we hold
 that GEICO's offer of UIM coverage was sufficient under Wannamaker, we
 need not address Goodson's argument challenging the trial court's finding that
 GEICO was entitled to a conclusive presumption under section 38-77-350 that
 Goodson made a knowing decision to reject UIM coverage.  See Futch v. McAllister
 Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling that, if the determination of a
 particular issue is dispositive of an appeal, the appellate court need not
 review the remaining issues); Weeks v. McMillan, 291 S.C. 287, 292,
 353 S.E.2d 289, 292 (Ct. App.1987) ("Where a decision is based on alternative grounds, either of which independent of the other
 is sufficient to support it, the decision will not be
 reversed even if one of the grounds is erroneous.").
AFFIRMED.
HUFF,
 WILLIAMS, and THOMAS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  State Farm Mut. Auto. Ins. Co. v. Wannamaker,
 291 S.C. 518, 354 S.E.2d 555 (1987).
[3]  We note that the conclusive presumption of a
 meaningful offer of UIM coverage now attaches even if the form "has been
 completed by an insurance producer or representative of the insurer" as
 long as it is the form promulgated by the Department and "is signed by the
 named insured."  S.C. Code Ann. § 38-77-350(B) (Supp. 2010).